## WOODWARD MOORE V. THE STATE.

### No. 3123.  Decided May 6, 1914.

**Theft—Indictment—Intent.**

Where, upon trial of theft, the indictment failed to allege that the property was appropriated with intent to deprive the owner of the value of the same, the same was insufficient and should have been quashed.

Appeal from the District Court of Hall.  Tried below before the Hon. J. A. Nabers.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Elliott* and *Fires & Diggs,* for appellant.—On question of insufficiency of indictment: Peralto v. State, 17 Texas Crim. App., 578; Evans v. State, 34 Texas Crim. Rep., 110.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for the theft of $210.  On this appeal he presents but one single question,— the validity of the indictment.

Our statute is:  "Theft is the fraudulent taking of corporeal personal property belonging to another from his possession . . . without his consent, *with intent to deprive the owner of the value of the same,* and to appropriate it to the use or benefit of the person taking."  The indictment in this case, after the necessary preliminary allegations, avers that Woodward Moore, "did then and there fraudulently take $210 . . . the same being the corporeal personal property of and belonging to Homer Blum, from the possession of the said Homer Blum, without the consent of the said Homer Blum, with the intent to appropriate it to the use and benefit of him, the said Woodward Moore."  It will be seen by this that the indictment omits one of the requisites of this offense and one of the requisites of the indictment, towit:  "With intent to deprive the owner of the value of the same."

There can be no question, from the statute above quoted, and the many decisions of this court uniformly so holding, that the indictment is fatally defective because of the omission above shown.  We take it that this must have been an inadvertency by the pleader.  There are no other words in the indictment supplying this necessary requisite, which was left out.  We must therefore reverse and dismiss this cause.

*Dismissed.*