CALEB BROWN v. THE STATE.

No. 7888.   Decided November 14, 1923.

Theft—Indictment—Necessary Averments.

Where the count upon which defendant was tried attempted to set out the acts which would constitute theft as defined in Article 1332, P. C., but failed to allege an attempt on the part of the accused to deprive the owner of the alleged stolen property, or of the value of same, and that said property was appropriated by the taker,· the same is fatally defective.   Following Price v. State, 49 Texas Crim. Rep., 131, and other cases.

Appeal from the District Court of Harrison.   Tried below before the Honorable P. O. Beard.

Appeal from a conviction of theft of the value of over $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lyttleton & Cramer* for appellant.   Cited, cases in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistant Attorneys General, for the State.   Cited, cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Harrison County of theft of the value of more than $50, and his punishment fixed at two years in the penitentiary.

The indictment contained four counts, the first three of which were expressly abandoned in the charge and the jury's consideration limited to the fourth.   Our Assistant Attorney General confesses error herein because of the fact that said fourth count omits certain requisites of an indictment charging theft by means of false pretense, same being the character of theft sought to be charged therein.

It is well settled that under an ordinary indictment for theft a conviction may be had of theft by false pretext.   See authorities cited under Article 772, Vernon's C. C. P., subdivision 6; and the proof in such case must show an actual appropriation by the alleged thief. Hernandez v. State, 20 Texas Crim. App. 151; Porter v. State, 23 Texas Crim. App. 295; Rundell v. State, 90 Texas Crim. Rep., 410. But when, as in the instant case, there is an attempt to set out in the indictment those acts which would constitute theft as defined in Article 1332, P. C., there should appear two allegations in order to make the indictment good, which are wanting in said fourth count of the indictment under consideration, viz.—an allegation of an intent on the part of the accused to deprive the owner of the alleged stolen property

or of the value of same. Williams v. State, 12 Texas Crim. App. 397; Tallant v. State, 14 Texas Crim. App. 234; Peralto v. State, 17 Texas Crim. App. 571; Moore v. State, 74 Texas Crim. Rep., 66, 166 S. W. Rep. 1153;—and also an allegation that the property was appropriated by the taker. Price v. State, 49 Texas Crim. Rep. 131. Our Assistant Attorney General is correct. The indictment is fatally defective.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*