## GEORGE MUSICK v. THE STATE.

No. 13963. Delivered June 22, 1932.
Reported in 51 S. W. (2d) 715.

The opinion states the case.

*Wilson & Childers,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The original opinion is withdrawn.

The offense is theft. From the information the following is quoted: "* * * one George Musick did fraudulently take cotton of the value of Thirty-five Dollars, the same then and there being the corporeal personal property of and belonging to W. E. Self, from the possession of the said W. E. Self, without the consent of the said W. E. Self, and with the intent then and there to deprive said W. E. Self of the value of the same, and to appropriate it to the use and benefit of him, the said George Musick."

The offense charged is misdemeanor theft, as described in article 1410, P. C., 1925, the penalty for which is stated in article 1422, P. C., as follows: "Theft of property under the value of fifty dollars shall be punished by imprisonment in jail not exceeding two years and by fine not exceeding five hundred dollars, or by such imprisonment without fine."

In Chapter 28, Acts of the 41st Legislature (1929), Regular Session, is found article 1426a (Vernon's Ann. P. C.), which reads as follows:

"Sec. 1. Whoever shall fraudulently take cotton and cotton seed or either cotton or cotton seed under the value of Fifty ($50.00) Dollars, shall upon conviction for the first affense be fined not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars and by confinement in the County Jail not less than thirty (30) days nor more than six (6) months; and for the second and subsequent offenses he shall be punished by confinement in the penitentiary not less than one year nor more than five years."

In stating the penalty applicable to the offense charged in the present instance, the jury was told in the court's charge that the punishment permitted was a fine of not less than $50 nor more than $500, and by confinement in the county jail for not less than thirty days nor more than six months. Such is the penalty named by article 1426a quoted above. The penalty actually assessed against the appellant was a fine of $50 and confinement in the county jail for thirty days. The lowest fine for the violation of article 1410, supra, is less than $50, while $50 is the lowest penalty permitted by article 1426a, quoted above. Apparently the court regarded the information as charging the offense defined in chapter 28, Acts of the 41st Legislature mentioned, designated as article 1426a. In doing so, it is thought that error was committed. Article 1426a does not denounce the offense of theft. Neither in the name of the offense nor in its elements can the statute be identified as one under which a prosecution for theft can be maintained. According to its number, the article would come within chapter 7, title 16, in which there is dealt with the subject of theft in general. The statute immediately preceding the new statute prohibits the fraudulent taking of ungathered farm products, and concludes with the words "shall be guilty of theft." In all of the statutes,

so far as we are aware, denouncing the offense of theft, either the word "stealing" is used or the elements of the offense as set out in article 1410, as follows: " 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possesson of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

It is elementary, as well as statutory, that the essential element of theft is that the property be taken not only *fraudulently* but *without the consent* of the owner, with the intent to deprive the owner of the value and appropriate the property to the benefit of the taker. See Ruling Case Law, vol. 17, p. 4. In Wharton's Crim. Law (11th ed.), vol. 2, p. 1311, sec. 1094, it is said that the definition of larceny which omits "without the consent of the owner" is now universally conceded to be defective. See Branch's Ann. Tex. P. C., sec. 2451, citing many cases, including Williams v. State, 12 Texas App., 395. In article 1425, P. C., 1925, the following occurs: "The words 'steal' or 'stolen,' when used in this Code in reference to the acquisition of property, include property acquired by theft."

It is to be inferred that the Legislature, in passing the act containing article 1426a, had in mind to classify the theft of cotton as a separate offense, as has been done with reference to many species of property, such as theft from the person and theft of animals, etc. If such was the intention, however, the failure to embrace in the statute either the term "theft" or the elements of theft rendered the act in operative as denouncing the offense of theft. In fact, the efficacy of the article in question to denounce a criminal offense at all is open to serious question, for the reason that it is indefinite and does not contain the elements essential to a penal offense, thereby failing to meet the measure demanded by title 1, chapter 1, of the Penal Code and article 1, section 10 of the Constitution. See Ex parte Slaughter, 92 Texas Crim. Rep., 212, 26 Amer. Law. Rep., 891; Dockery v. State, 93 Texas Crim. Rep., 220; Smith v. State, 99 Texas Crim. Rep., 114, and other cases collated in Vernon's Ann. Tex. P. C., 1925, vol. 1, pp. 8 and 9.

The essential element of the "want of consent," which is not embraced in the statute under consideration, is not supplied by the use of the word "fraudulently" which does not occur in the statute mentioned. See Branch's Ann. Tex. P. C., sec. 2451. There are many ways in which property may be fraudulently taken, and the mere statement that the taking of the property was fraudulent, accompanied by no details as to the manner of the taking, is regarded as too indefinite to come within the requirement of the law and the Constitution.

There having been assessed against the appellant, by the instructions of the court and the verdict of the jury, a penalty in excess of that

authorized by the statute under which he was prosecuted, namely, article 1410, P. C., it becomes necessary to order a reversal of the judgment.

The appellant's motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*