## SAM RIVES V. THE STATE.

No. 16639.   Delivered May 2, 1934.
Rehearing Denied June 13, 1934.

The opinion states the case.

*H. T. Cooper,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft; a misdemeanor; penalty assessed at confinement in the county jail for thirty days.

There is evidence supporting the State's theory that 110 cedar posts, each of the value of ten cents, were stolen from the premises of L. O. Gresham, the injured party; that there was a conspiracy between Ray Gartrell and the appellant to steal the posts; that appellant agreed to aid in disposing of them and in dividing the proceeds therefrom. The evidence, if believed by the jury, is deemed such as to bring the appellant within the purview of the law of theft. However, he contends that his offense, if any, was not theft but that of receiving stolen property.

The condition of the pleading upon which the prosecution is based renders it unnecessary to go into details touching the evidence. The information is correctly drawn, but the com-

plaint upon which the information is founded is faulty in that it omits an averment made essential by the statute, namely, that it fails to state that the property "was taken with the intent to deprive the owner of the value of the same." See Peralto v. State, 17 Texas App., 578; and other cases collated in Vernon's Ann. Texas P. C., 1925, vol. 3, p. 130, art. 1410, note 18; Moore v. State, 166 S. W., 1153; Martini v. State, 32 S. W. (2d) 654.

Due to the fault in the pleading it becomes the duty of the court to order a reversal of the judgment of conviction and the dismissal of the prosecution, which is accordingly done.

*Reversed and prosecution dismissed.*

ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—The State attaches to its motion for rehearing a certified copy of the complaint in this case, which shows to be a good complaint, and to contain the words stated in our former opinion to have been omitted from the complaint, thereby making it defective. There is also an affidavit of the county clerk of Somervell county appended, statting that he prepared the transcript appearing in the record, and that the omission of said words from the complaint was a mistake on his part.

Considering the case on its merits, we note that 110 posts of Mr. Gresham were stolen on the night of August 3, 1933. Appellant was found on a truck near Cleburne that same night in possession of said posts. If he then made any explanation of his such possession, it does not appear. On this trial he testified that he bought the posts from one Ray Gartrell at five cents each, and that Gartrell took appellant's truck from his residence, went out and got the posts and hauled them in and turned them over to him, and that he, appellant, then decided that he would take said posts to Cleburne that night and later sell them. Appellant's wife and nephew corroborated his story. Gartrell denied selling the posts to appellant, but testified that pursuant to an agreement between himself and appellant he, Gartrell, hauled the posts from Gresham's place, brought them to Glen Rose where appellant took charge of them, the agreement being that appellant should sell them and the two would divide the money. The possession by appellant at the time of his arrest near Cleburne of the recently stolen property, would sufficiently make out the case, aside from the testimony of the accomplice. There are no exceptions to any matter of procedure in the record. Appellant asked a special charge, which was refused, but took no exception to such refusal.

The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is now affirmed.

*Affirmed.*