## JAMES McCANN V. STATE.

No. 30,718. October 21, 1959.

*Van Zandt & Sanford,* Sherman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

ON APPELLANTS MOTION FOR REHEARING

WOODLEY, Judge.

The appeal is from a judgment of conviction for misdemeanor theft with punishment assessed on a plea of guilty before the court at one day in jail and a fine of $1.

The information alleged the fraudulent taking from the possession of one Bergerson, the injured party, of a window fan belonging to Bergerson of the value of $20, "without the consent of said injured party *and the intent* then and there on the part of said defendant to deprive the said injured party of the same and to appropriate the same to use and benefit of said defendant."

It is clear that the quoted portion of the information cannot be construed as alleging that the defendant took the fan with the intent to deprive Bergerson of it or of its value. On the

other hand, it could well be contended that the allegation was that the defendant took the fan without such intent.

The missing allegation is an essential part of Art. 1410 P.C. which defines theft.

Art. 399 C.C.P. provides that where a particular intent is a material fact in the description of the offense, it must be stated in the indictment.

The same rule applies to an information. Art. 416 C.C.P.

In charging the crime of theft it is essential to state that the taking was with intent to deprive the owner of the value of the property taken. Rives v. State, 126 Texas Cr. Rep. 487, 73 S.W. 2d 99; Moore v. State, 74 Texas Cr. Rep. 66, 166 S.W. 1153.

The omission is not supplied by the allegation that the property was "fraudulently" taken. Under the statute defining the offense of theft it is requisite not only that the property be taken fraudulently, but that it be taken with the intent to deprive the owner of the value thereof and to appropriate it to his own use or benefit. Musick v. State, 121 Texas Cr. Rep. 616, 51 S.W. 2d 715.

Our former opinion is withdrawn.

Appellant's motion for rehearing is granted, the order of affirmance is set aside, and the judgment is now reversed and the prosecution is ordered dismissed.