BENNY JOE BENEDICT V. STATE

No. 34,699.   June 13, 1962
Motion for Rehearing Denied October 31, 1962

*James H. Martin,* Dallas, *A. L. Wardlow, George Cochran,*

Fort Worth, and *Robert C. Benavides,* Dallas, on Motion for Rehearing only, for appellant.

*Henry Wade,* Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for burglary; the punishment, enhanced by two prior convictions for felonies less than capital, life imprisonment.

No statement of facts of the evidence adduced upon the main trial on the issue of appellant's guilt accompanies the record and appellant's sole contention on appeal is that the court erred in overruling his plea of former jeopardy.

The indictment under which appellant stands convicted charged the burglary of a house occupied and controlled by Robert Ward Gehm and alleged that the offense was committed on or about the 14th day of June, 1961. Paragraphs No. 2 and 3 alleged two prior convictions, in the years 1954 and 1956, for the offenses of breaking and entering a motor vehicle, being felonies less than capital.

Appellant filed a plea of former jeopardy to paragraphs No. 2 and No. 3 of the indictment and alleged as grounds therefor that he had been put to trial on May 1, 1961, in the same court in an entirely different burglary case in which the same two prior convictions were alleged in the indictment and after the jury had failed to agree in the case they were discharged by the court without appellant's consent and before they had been kept together for such time as to render it altogether improbable that they could agree.

We need not pass upon the question as to whether the court erred in discharging the jury in the prior case, as the use of the two prior convictions in that case which resulted in a mistrial did not prevent their use in the present case for the purpose of enhancement of the punishment.

While it is the rule in this state that prior convictions may not be used more than once to enhance punishment, in Johnson v. State, 253 S.W. 2d 1006, it was held that a prior conviction must be "successfully" used before it can no longer be used for enhancement. In the Johnson case the prior convictions alleged

for enhancement were used in a prior case where the conviction was reversed on appeal. In holding that the convictions could be used in a subsequent case, it was pointed out that by reason of the reversal the prior convictions had not been successfully used.

In Mooring v. State, 256 S.W. 2d 97, it was held that where prior convictions were alleged and proven to enhance the punishment in a case which resulted in an acquittal, it did not constitute a successful use of the prior convictions so as to prevent their being used in a subsequent case for the same purpose, and that the doctrine of double jeopardy did not apply.

The two prior convictions alleged in the instant case, not having been successfully used in the prior case against appellant, were available to enhance punishment herein.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Appellant's punishment was enhanced under Art. 63 P.C. by two prior convictions for felonies less than capital.

The indictment alleges both of these prior convictions to have been for the offense of "Breaking and entering a motor vehicle."

There being no statement of facts, we are not apprised of the contents or form of the indictments.

In his motion for rehearing appellant, for the first time, challenges the validity of the prior convictions contending that the statute under which the prosecutions for "Breaking and entering a motor vehicle" were had is void for indefiniteness and uncertainty.

The statute in question is Art. 1404b P.C.

The statute was enacted in 1951 (Acts 52nd Legislature p. 447). It was amended in 1955 (Acts 54th Legislature p. 351). The amended statute was in effect on the date the indictment alleged the second conviction was had.

Art. 1404b P.C. standing alone might well be vulnerable to the attack made upon it. This would be equally true of Art. 1389 and 1390 P.C. which define the offense of burglary. Neither statute stands alone however.

The Legislature, in enacting Art. 1404b providing a punishment for the entry by breaking of a vehicle for the purpose of committing a felony or misdemeanor, made such statute a part of said Chapter 6, Title 17 of the Penal Code, in the following language:

"Be it enacted by the Legislature of the State of Texas: Section 1. That Chapter 6, Title 17 of the Penal Code of the State of Texas, 1925, be and the same is hereby amended by adding a new Article to be known as Article 1404b to read as follows * * *"

Chapter 6 Title 17 of the Penal Code includes Art. 1406 P.C. which provides in part that the definitions, rules and explanation of terms in the preceding chapter are applicable to such terms in Chapter 6.

It follows that the statute here in question, like Articles 1389 and 1390 defining burglary, are to be construed in the light of other provisions of Chapter 5 and 6 of Title 17 of the Penal Code, including Arts. 1392 and 1393 defining "entry" and 1394 defining "breaking".

So construing Art. 1404b P.C. before and after its amendment in 1955, we overrule appellant's contention that the statute is void.

In Musick v. State, 121 Texas Cr. Rep. 616, 51 S.W. 2d 715, relied upon by appellant, the statute held to be void was Art. 1426a enacted in 1929 (Acts 41st Legislature p. 62) providing a punishment for the fraudulent taking of cotton or cotton seed, or both, of the value of less than $50, the punishment being different from that for theft of property under Art. 1422 P.C. Judge Morrow, speaking for the Court in Musick's case, supra, stated:

"Neither in the name of the offense nor in its elements can the statute be identified as one under which a prosecution for theft can be maintained."

The essential elements of the offense of burglary are a breaking and an entry. These elements are clearly embraced in the

statute under consideration. While the essential element of lack of consent, as required by Art. 1392 V.A.P.C., is lacking in this statute, Art. 1404b, this essential element is supplied by Art. 1406, which does give effect and make applicable the provisions of Art. 1392. It is obvious to us that we do here have under consideration a burglary statute, which was not apparent in Musick, supra.

Appellant's motion for rehearing is overruled.

### ON MOTION FOR REHEARING

MORRISON, Judge, concurring.

I concur in the affirmance of this conviction which upholds the constitutionality of Article 1404b, V.A.P.C. Appellant's complaint is that the statute both before and after its amendment did not require that the entry be made without the consent of the person in charge of such vehicle. Reliance is had upon Musick v. State, 121 Texas Cr. Rep. 616, 51 S.W. 2d 715, which holds that "the definition of larceny which omits 'without the consent of the owner' is now universally conceded to be defective" and that a theft statute which omits such an element is inoperative as such.

I am aware of no constitutional or statutory requirement which would render the Legislature powerless to enact a penal statute which falls within a certain category of crime without making each element of that crime, as it is elsewhere denounced in the statutes or as it was known at common law, an essential element of such new act. In order to come within the purview of Article 6, the failure to include such element must render the statute so indefinite or of such doubtful construction that it might not be understood. This is not, as I see it, the case before us here.

If Musick, supra, and Brunson v. State, 123 Texas Cr. Rep. 342, 58 S.W. 2d 1099, are to be construed as contrary to the result here reached, I would overrule the same.