Alvis Jean **HENDERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 34801.

Court of Criminal Appeals of Texas.

Oct. 3, 1962.

Rehearing Denied Nov. 21, 1962.

Second Motion for Rehearing Denied Dec. 12, 1962.

Orville A. Harlan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Walter A. Carr and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for shoplifting, under Art. 1436e, Vernon's Ann.P.C.; the punishment, three days in jail and a fine of $25.

No statement of facts accompanies the record.

Appellant contends that the trial court erred in refusing to quash the information on the ground that Art. 1436e, supra, is unconstitutional because it does not contain the element of want of consent, or the words "steal" or "stolen", which are essential to make the act charged a violation of the penal law. Appellant further contends that said statute is so indefinite, vague, and uncertain that it is wholly inoperative.

The portion of the statute applicable in this case makes any invitee or licensee who removes certain property from its place, while such person is legally in a retail business establishment, with the intent to fraudulently take and deprive the owner of its value and appropriate it to his own use, guilty of the offense which is designated by the statute as shoplifting.

From the statute, it is evident that the legislature intended to create and make it an offense for any person by his own act and his own intent, not those of the owner, to obtain certain property by the means and in the manner therein set forth. It is concluded that the provisions of the statute under consideration are, within themselves, sufficiently definite and certain to apprise any person of the nature and character of the act denounced, and said statute makes such act a penal offense. Being drawn in the language of the statute, the information is valid.

The motion to quash the information was properly overruled.

The judgment is affirmed.

Opinion approved by the Court.

## 324

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Appellant challenges our holding that the provisions of Art. 1436e Vernon's Ann.P.C. are sufficiently definite and certain to define the offense of shoplifting. It is contended that such holding is diametrically opposed to the holding of this Court in Musick v. State, 121 Tex.Cr.R. 616, 51 S.W. 2d 715, and that if the affirmance herein stands, Musick v. State should be expressly overruled.

As pointed out by appellant, Musick v. State was cited in the recent case of McCann v. State, 168 Tex.Cr.R. 383, 328 S.W. 2d 298, and more recently in Benedict v. State, Tex.Crim.App., 361 S.W.2d 373. In the latter case the majority opinion on rehearing distinguished Musick v. State while the concurring opinion expressed the belief that it should be overruled.

We believe that the Musick case can be distinguished here.

In the first place, both Art. 1426a V.A. P.C., which was before the Court in the Musick case, and Art. 1436e, the statute here under attack, were enacted subsequent to the 1925 codification of the Penal Code of this State, and there is nothing in either act to show that the legislature chose or directed that either of such statutes should become a part of Title 17, Chapter 8, rather than some other Title or Chapter of the Penal Code.

In Musick v. State the offense charged was misdemeanor theft. The trial court in his charge treated the information as charging the offense defined in Art. 1426a V.A.P.C. and the jury assessed a punishment provided in that Article, which punishment was in excess of that provided for misdemeanor theft. Reversal was ordered because a punishment in excess of that authorized for the offense charged was assessed.

This Court held that Art. 1426a "does not denounce the offense of theft. Neither in the name of the offense nor in its elements can the statute be identified as one under which a prosecution for theft can be maintained."

The statute before the Court in Musick's case provided a punishment for the fraudulent taking of cotton or cotton seed. This Court, after finding that it was not a theft statute and that the essential element of the "want of consent" was not supplied by the use of the word "fraudulently", said:

"There are many ways in which property may be fraudulently taken, and the mere statement that the taking of the property was fraudulent, accompanied by no details as to the manner of the taking, is regarded as too indefinite to come within the requirement of the law and the Constitution."

Art. 1436e V.A.P.C., here under attack, is not lacking in details as to the elements of the offense defined. It applies only to persons who are legally in a retail business establishment as an invitee or licensee. It declares that any such person is guilty of shoplifting if he " * * * removes from its place, goods, edible meat or other corporeal personal property of any kind or character under the value of Fifty Dollars ($50.00) kept, stored or displayed for sale with the intent to fraudulently take and to deprive the owner of the value of the same and to appropriate the same to the use and benefit of the person taking * * *."

It will thus be seen that the statute found to be indefinite in Musick v. State merely provided that it was unlawful to fraudulently take cotton or cotton seed, whereas Art. 1436e V.A.P.C., which defines the offense of shoplifting, is violated only when property under the value of $50, kept, stored or displayed for sale, is removed from its place in a retail business establishment by some person who is legal-

ly in such establishment as an invitee or licensee, and is removed by such a person with the intent to fraudulently take and to deprive the owner of its value and to appropriate it to his own use and benefit.

We remain convinced that appellant's attack upon the constitutionality of Art. 1436e V.A.P.C. was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.

MORRISON, Judge (concurring).

My views on this question are expressed in my concurring opinion in Benedict, supra. I remain of the same opinion.