**Margarita CALZADA, (with aliases), Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40196.**

Court of Criminal Appeals of Texas.

May 10, 1967.

On Second Motion to Reinstate Appeal

June 21, 1967.

Cotton & Calhoun, by Ronald R. Calhoun, El Paso, for appellant.

Jack N. Fant, County Atty., Norman C. Peyton and Danny J. Snooks, Asst. County Attys., El Paso, and Leon B. Douglas, State's Atty., of Austin, for the State.

## OPINION

## ON APPELLANT'S SECOND MOTION TO REINSTATE APPEAL

DICE, Judge.

The record having been perfected, our prior opinions are withdrawn and the appeal is reinstated.

The conviction is for shoplifting, with a prior conviction alleged for enhancement; the punishment, thirty (30) days in jail and a fine of $1.

Trial was before the court without a jury, upon appellant's plea of not guilty.

It was shown by the state's testimony that the appellant, while in the Popular Dry Goods Company, a department store in the city of El Paso, took from a hanger a woman's suit of the value of $36, which was displayed for sale on a rack, placed the suit in a handbag, and left the store with the merchandise.

A prior conviction of appellant for a like offense was stipulated.

Dr. Manuel Hernandez, a psychiatrist, called as a witness by the appellant, testified that he had treated her for approximately a year and a half. The doctor testified that appellant suffered from psychoneurosis, which is manifested mainly by depression and the taking of things and known in layman's terms as kleptomania. The doctor further testified that in his opinion the appellant, under ordinary circumstances, knew right from wrong but at the times she was taking things she could not distinguish the difference between right and wrong.

The doctor expressed the opinion that on the day of trial appellant knew right from wrong, and in answer to a question as to whether she knew the difference between right and wrong and was able to appreciate the quality of her act when she took the dress from the store under the circumstances shown, he replied:

"Well, I'm not sure that I could say. I don't think so, with any authority,— from some of the, from the actions you [sic], as you describe them one might gather that she probably knew that what she was doing was wrong. Now, I think that, but I don't think I could say that of my own account other than just to say that it seems as if she probably did know what she was doing."

Three grounds of error questioning the sufficiency of the evidence to support the

conviction are urged by appellant in her brief filed in the trial court.

■ She first contends that the court erred in refusing to grant her motion for acquittal, made at the close of the state's case-in-chief, on the ground that the state had not negatived the element of consent to the taking of the merchandise.

The record reflects that when appellant's motion for acquittal was made, the court permitted the state, over appellant's objection, to reopen the case and offer testimony that appellant did not have permission to take the merchandise from the store. The court's action in permitting the state to reopen the case is the basis of another ground of error urged by appellant.

We perceive no error. Art. 1436e, V.A. P.C., does not make want of consent an element of the offense of shoplifting. Henderson v. State, 362 S.W.2d 322.

■ In permitting the state to reopen the case and offer the additional testimony the court did not err, in view of Art. 36.02 of the 1965 Code, which reads:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

Appellant's third ground of error is that the court erred in rejecting her plea of insanity and finding her guilty despite the evidence presented.

■ The trial court was the judge of the weight to be given to the testimony and was authorized to reject her defense of insanity. Tennison v. State, 327 S.W.2d 575. The ground of error is overruled.

The judgment is affirmed.