Lawrence L. Fuller, Monahans, for appellant.

Jim D. Vollers, State's Atty. & Robert Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for breaking and entering a motor vehicle. After a verdict of guilty, the court assessed the punishment at 3 years in the Texas Department of Corrections.

In two grounds of error, appellant challenges the sufficiency of the evidence to sustain his conviction. He contends "the State wholly failed to prove lack of consent to the alleged taking of personal property" and "failed to show by direct available testimony want of consent to the taking of the property."

**Victoriano CHAVEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44701.**

Court of Criminal Appeals of Texas.

March 15, 1972.

Rehearing Denied May 24, 1972.

■ At the outset it should be observed that the offense proscribed by Article 1404b, Vernon's Ann.P.C., is complete when the "vehicle" is broken into "with the intent of committing a felony or the crime of theft." It is not necessary that there be a taking of property. See Martinez v. State, 469 S.W.2d 185, at 186 (Tex.Cr. App.1971). The indictment in the case at bar did not allege an actual taking of property from the motor vehicle.

Further, in Benedict v. State, 172 Tex. Cr.R. 570, 361 S.W.2d 373 (1962), it was held that when Article 1404b, supra, was construed in light of other provisions of the Penal Code relating to burglary it was not void for uncertainty in that it did not require that the entry into the vehicle be made without the consent of the person in charge of the vehicle.

Dorothy Villegas, a waitress at "The Barn" outside the city limits of Pecos, Texas, testified that on the date in question "between 10:30 or 11:30" p.m., Ricardo T. Salgado came into that place of business. Subsequently, while looking out a window she observed the appellant whom she had known for years open the door of the car which Salgado had parked outside and take out a jacket and another item. She then inquired of the customers who owned the white car "out there" and when Salgado responded she told him what she had observed. Salgado went outside and came back saying he was taking the appellant to the "Blue Top" and "it was all right." Later Mrs. Villegas, taking a flashlight, found a jacket and front seat cushion outside and "around the building" which were shown to have been taken from the car.

Salgado, testifying apparently through an interpreter, revealed he operated a service station in Pecos and that "on or about March 1, 1970" he had gone to "The Barn" about 10 p.m. directly after work; that he had his cash and receipts in a brown bag under the front seat of his automobile; that when informed by the witness Villegas of the activities around his car he went outside and saw the appellant "pilfering" inside his car. He related the appellant told him he was doing "nothing" and asked him [Salgado] to take him [appellant] to the "Blue Top."

Salgado further related that he did take the appellant to the "Blue Top" because he did not want any trouble with the appellant and wanted to protect the money bag in the car. At the "Blue Top" he gave the appellant $2.00 to get something to eat. He explained that if the appellant stopped to eat that would give the officers more time in which to apprehend the appellant. As soon as he left the "Blue Top", Salgado immediately contacted Officer Diaz who arrested the appellant and returned him to "The Barn" where the jacket and extra seat cushion were recovered.

On direct examination Salgado, with an interpreter being used, was asked:

"Q. Did you give anybody permission . . . more especially, did you give this man [the appellant] permission to go into your car at any time?"

He answered through an interpreter, as follows:

"A. He didn't give permission to nobody . . . Nobody had permission to get in my car."

■ The evidence is clearly sufficient to show that the "breaking and entering" was without the consent of the owner and further was sufficient to sustain the jury's verdict.

Appellant relies upon Wilson v. State, 168 Tex.Cr.R. 420, 328 S.W.2d 305 (1959) and Stallworth v. State, 167 Tex.Cr.R. 19, 316 S.W.2d 417 (1958), and contends that the "[w]ant of consent of person alleged to be the owner may not be proven by circumstantial evidence, the owner being available to testify on the question."

■ The testimony of the complaining witness that he did not give consent or

permission for anyone to break and enter his motor vehicle was direct evidence. The proof of lack of consent did not rest solely upon' circumstantial evidence. The cases cited are not in point.

Both grounds of error are overruled.

The judgment is affirmed.