**Earl Wayne STUCKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45682.**

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 29, 1972.

---

Sam W. Bostick, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Andy Tobias, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On September 15, 1970, the appellant pled guilty to the offense of indecent ex-posure and was assessed a punishment at five years, probated. One condition of his probation was that he commit no offense against the laws of this State.

On June 8, 1971, a motion to revoke probation was filed. It alleged that on May 15, 1971, the appellant committed the offense of shoplifting.

A hearing on the motion to revoke was held on September 10, 1971. The record shows that on May 15, 1971, the appellant, with a woman companion, entered the Walgreen Company store in Globe Shopping Center. He was then observed in the shoe department of the store by Ruby White, a security officer. Mrs. White testified that she was assigned to the Detective Division of the store and her responsibility was to cover the complete store. She further testified that she observed appellant remove a pair of boots from the shelf where they were displayed for sale, take off the shoes he was wearing, put on the new boots, set his old shoes back on the shelf and proceed to walk through the store. Appellant and the woman accompanying him then walked to a cash register. They stood in line for a few minutes and then appellant walked away from the cash register over to the information booth and then out through the front door of the store into the parking lot. Mrs. White testified that appellant did not pay for anything before he left the store. She and the shoe department manager, Steve Heysquierdo, apprehended the appellant outside the store.

Appellant contends that there was no testimony from the owner or his agent, Steve Heysquierdo, that the alleged stolen boots were taken from "its place" as required by Article 1436e, Vernon's Ann. P.C. This contention is not supported by the record. There is direct evidence from Mrs. White that she observed appellant remove the boots "off of the shelf where they were at" and the boot rack was the place where the boots were displayed for sale.

**576**

Appellant also contends that the evidence is insufficient because the State did not negative the consent of Steve Heysquierdo who had care, custody, and control of the boots. This contention is without merit because Article 1436e, Section 1, V.A.P.C., provides:

"Any person while legally in a retail business establishment as an invitee or licensee who removes from its place, goods, edible meat or other corporeal personal property of any kind or character kept, stored or displayed for sale with the intent to fraudulently take and to deprive the owner of the value of the same and to appropriate the same to the use and benefit of the person taking is guilty of shoplifting. Altering of label or marking on goods, edible meat or other corporeal personal property or transferring same from one container to another with intent to defraud the owner also constitutes the crime of shoplifting."

This statute does not make want of consent an element of the offense of shoplifting. Calzada v. State, Tex.Cr.App., 416 S.W.2d 429; Henderson v. State, Tex.Cr.App., 362 S.W.2d 322.

Appellant further complains that the revocation is based on circumstantial evidence, that absent the testimony of the cashier at the checking line, the evidence offered by the State does not exclude every reasonable hypothesis, save the guilt of the accused. There was direct evidence by the store detective that she observed the appellant take the boots from the boot rack, put them on and walk out the front door without paying for them.

Finally, appellant contends that his arrest was illegal. He does not state a ground of error and nothing is presented for review. The mere illegality of an arrest is not reversible error.

An abuse of discretion has not been shown. The judgment is affirmed.