TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00155-CR






Pete Mendez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 2034949, HONORABLE BOB PERKINS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Following a bench trial, appellant Pete Mendez was adjudged guilty of aggravated
robbery and sentenced to twenty-five years' imprisonment. See Tex. Pen. Code Ann. § 29.03 (West
2003). In this appeal, he urges that the trial court erroneously overruled his special plea of double
jeopardy and that the State failed to prove that he used or exhibited a deadly weapon, the aggravating
element. We will affirm the conviction.

On November 29, 2003, in a department store parking lot, appellant broke into an
automobile belonging to Chin Woo and stole a leather jacket and other items. Darrell Washington,
an off-duty security guard, was parking his car and witnessed the crime. Washington pursued
appellant on foot and called for him to stop. As Washington neared him, appellant took a knife from
his pocket, brandished the open blade, and said, "I don't want to cut you, but I will cut you, you
know, so back up." Fearing for his safety, Washington backed away, walked to a nearby store, and
called the police. Appellant was arrested a short time later carrying the knife and wearing the stolen
jacket.

The indictment in this cause alleged that appellant, while in the course of committing
theft and with the intent to obtain and maintain control of the property, used a deadly weapon to
intentionally and knowingly threaten and place Washington in fear of imminent bodily injury and
death. In his special plea, appellant urged that the prosecution was jeopardy barred because "[t]he
actions comprising the theft which underlies the alleged Aggravated Robbery refer to the same
conduct for which Defendant has already been convicted in the above-referenced Burglary of a
Motor Vehicle case." See U.S. Const. amend. V, XIV; Tex. Const. art. I, § 14. (1)

Attached to the plea in bar was a copy of the county court at law judgment convicting
appellant of burglary of a vehicle in cause number 655737. Also attached was a copy of the
information in that cause, which alleged that appellant, "on or about November 29, 2003, with intent
to commit theft, did then and there intentionally and knowingly break into and enter a vehicle
without the effective consent of Quingan Wu, the owner of said vehicle." (2) See Tex. Pen. Code Ann.
§ 30.04 (West 2003).

The guarantee against double jeopardy protects against a second prosecution for the
same offense following a conviction. Illinois v. Vitale, 447 U.S. 410, 415 (1980). However, for the
guarantee to apply, the former trial must have been upon the same act for which the State is again
seeking to prosecute. Luna v. State, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973). Appellant's
conviction for burglary of a vehicle was based on the act of breaking into Woo's car. The offense
was complete when appellant broke into the vehicle with the requisite intent, and a completed theft
was neither required by statute nor alleged in the information. See Chavez v. State, 479 S.W.2d 687,
688 (Tex. Crim. App. 1972). Appellant's prosecution in the instant cause was based on his assault
of Washington in the course of stealing Woo's property. See Ex parte Hawkins, 6 S.W.3d 554, 560
(Tex. Crim. App. 1999) (robbery is a form of assault). The double jeopardy guarantee does not apply
when the two prosecutions are based on different conduct.

Even if we were to accept appellant's claim that the two prosecutions were based on
the same conduct, the two offenses were not the same for double jeopardy purposes. When the same
conduct violates two different penal statutes, the two offenses are the same if one of the offenses
contains all the elements of the other; they are not the same if each offense has a unique element. 
Blockburger v. United States, 284 U.S. 299, 304 (1932); Duvall v. State, 59 S.W.3d 773, 777 (Tex.
App.--Austin 2001, pet. ref'd). Appellant concedes that burglary of a vehicle and aggravated
robbery have unique elements and are not the same under Blockburger.

Appellant argues, however, that Blockburger does not apply here. Instead, he relies
on In re Nielson, 131 U.S. 176 (1889). (3) After Nielson was tried and convicted of unlawful
cohabitation, he was prosecuted for adultery. Id. at 186. The Supreme Court held that the second
prosecution constituted double jeopardy because the unlawful cohabitation for which Nielson had
been convicted was a continuous offense that included the alleged adultery. Id. at 187. In other
words, the two offenses were based on the same conduct, and one was a lesser included offense of
the other. Thus, "Nielson simply applies the common proposition, entirely in accord with
Blockburger, that prosecution for a greater offense (cohabitation, defined to require proof of
adultery) bars prosecution for a lesser included offense (adultery)." United States v. Dixon, 509 U.S.
688, 705 (1993).

The burglary of a vehicle for which appellant was previously tried and convicted was
not a continuing offense, and it had been completed before appellant threatened Washington with
the knife. See Chavez, 479 S.W.2d at 688. In addition, the burglary was not a lesser included
offense of the aggravated robbery. Under Nielson and Blockburger, the two offenses were not based
on the same conduct and were not the same offense within the meaning of the double jeopardy
clause. The trial court did not err by overruling the plea in bar. Points of error one and two are
overruled.

In his remaining point of error, appellant urges that the State did not prove that the
knife he wielded during the robbery was a deadly weapon. In the context of this case, the knife was
a deadly weapon if appellant used it or intended to use it in a manner capable of causing death or
serious bodily injury. Tex. Pen. Code Ann. § 1.07(a)(17)(B) (West Supp. 2004-05).

Washington testified that the knife blade was open and pointed at him in appellant's
outstretched hand. Appellant took two steps toward Washington, made a waving motion with the
knife, and threatened to cut him. The point of the knife was about one foot from Washington's body. 
The knife was introduced in evidence, and the arresting officer testified that it was "[m]ost
definitely" a deadly weapon.

Under section 1.07(a)(17)(B), an object is a deadly weapon if the actor uses it or
intends to use it in a manner in which it would be capable of causing death or serious bodily injury. 
McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). By word and by deed, appellant
plainly threatened to cut Washington with the knife. Viewing all the evidence in the light most
favorable to the judgment, a rational trier of fact could find beyond a reasonable doubt that the knife
was capable of causing death or serious bodily injury if so used. See Jackson v. Virginia, 443 U.S.
307, 324 (1979). The opinions cited by appellant are factually distinguishable. In Alvarez v. State,
566 S.W.2d 612, 614 (Tex. Crim. App. 1978), and Davidson v. State, 602 S.W.2d 272, 274 (Tex.
Crim. App. 1980), the knives in question were not introduced in evidence and the testimony showed
that they were held no closer than five feet from the complaining witnesses. In Tisdale v. State, 686
S.W.2d 110, 111-12 (Tex. Crim. App. 1984), there was no evidence of any threatening words or
gestures by the defendant. Point of error three is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: August 31, 2005

Do Not Publish

1. Appellant cites both the federal and state constitutions, but he does not argue that the Texas
Constitution's double jeopardy guarantee provides greater protection than the Fifth Amendment. 
See Muniz v. State, 851 S.W.2d 238, 251-52 (Tex. Crim. App. 1993).
2. Apparently Chin Woo and Quingan Wu are one and the same person. Appellant offered no
evidence in support of his plea, which was overruled following a brief discussion between the court
and counsel. The State did not object to the format of the hearing, at which it was agreed that both
prosecutions arose out of the same parking lot incident. See Hill v. State, 90 S.W.3d 308, 312 (Tex.
Crim. App. 2002).
3. Appellant also relies on Simmons v. State, 745 S.W.2d 348 (Tex. Crim. App. 1987). This
opinion has been overruled. Ex parte Hawkins, 6 S.W.3d 554, 561 (Tex. Crim. App. 1999).