# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00155-CR

**Pete Mendez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 2034949, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Pete Mendez was adjudged guilty of aggravated robbery and sentenced to twenty-five years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). In this appeal, he urges that the trial court erroneously overruled his special plea of double jeopardy and that the State failed to prove that he used or exhibited a deadly weapon, the aggravating element. We will affirm the conviction.

On November 29, 2003, in a department store parking lot, appellant broke into an automobile belonging to Chin Woo and stole a leather jacket and other items. Darrell Washington, an off-duty security guard, was parking his car and witnessed the crime. Washington pursued appellant on foot and called for him to stop. As Washington neared him, appellant took a knife from his pocket, brandished the open blade, and said, "I don't want to cut you, but I will cut you, you know, so back up." Fearing for his safety, Washington backed away, walked to a nearby store, and

called the police. Appellant was arrested a short time later carrying the knife and wearing the stolen jacket.

The indictment in this cause alleged that appellant, while in the course of committing theft and with the intent to obtain and maintain control of the property, used a deadly weapon to intentionally and knowingly threaten and place Washington in fear of imminent bodily injury and death. In his special plea, appellant urged that the prosecution was jeopardy barred because "[t]he actions comprising the theft which underlies the alleged Aggravated Robbery refer to the same conduct for which Defendant has already been convicted in the above-referenced Burglary of a Motor Vehicle case." *See* U.S. Const. amend. V, XIV; Tex. Const. art. I, § 14.[1]

Attached to the plea in bar was a copy of the county court at law judgment convicting appellant of burglary of a vehicle in cause number 655737. Also attached was a copy of the information in that cause, which alleged that appellant, "on or about November 29, 2003, with intent to commit theft, did then and there intentionally and knowingly break into and enter a vehicle without the effective consent of Quingan Wu, the owner of said vehicle."[2] *See* Tex. Pen. Code Ann. § 30.04 (West 2003).

The guarantee against double jeopardy protects against a second prosecution for the same offense following a conviction. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980). However, for the

---

[1] Appellant cites both the federal and state constitutions, but he does not argue that the Texas Constitution's double jeopardy guarantee provides greater protection than the Fifth Amendment. *See Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex. Crim. App. 1993).

[2] Apparently Chin Woo and Quingan Wu are one and the same person. Appellant offered no evidence in support of his plea, which was overruled following a brief discussion between the court and counsel. The State did not object to the format of the hearing, at which it was agreed that both prosecutions arose out of the same parking lot incident. *See Hill v. State*, 90 S.W.3d 308, 312 (Tex. Crim. App. 2002).

2

guarantee to apply, the former trial must have been upon the same act for which the State is again seeking to prosecute. *Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973). Appellant's conviction for burglary of a vehicle was based on the act of breaking into Woo's car. The offense was complete when appellant broke into the vehicle with the requisite intent, and a completed theft was neither required by statute nor alleged in the information. *See Chavez v. State*, 479 S.W.2d 687, 688 (Tex. Crim. App. 1972). Appellant's prosecution in the instant cause was based on his assault of Washington in the course of stealing Woo's property. *See Ex parte Hawkins*, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999) (robbery is a form of assault). The double jeopardy guarantee does not apply when the two prosecutions are based on different conduct.

Even if we were to accept appellant's claim that the two prosecutions were based on the same conduct, the two offenses were not the same for double jeopardy purposes. When the same conduct violates two different penal statutes, the two offenses are the same if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Duvall v. State*, 59 S.W.3d 773, 777 (Tex. App.—Austin 2001, pet. ref'd). Appellant concedes that burglary of a vehicle and aggravated robbery have unique elements and are not the same under *Blockburger*.

Appellant argues, however, that *Blockburger* does not apply here. Instead, he relies on *In re Nielson*, 131 U.S. 176 (1889).[3] After Nielson was tried and convicted of unlawful cohabitation, he was prosecuted for adultery. *Id*. at 186. The Supreme Court held that the second prosecution constituted double jeopardy because the unlawful cohabitation for which Nielson had

---

[3] Appellant also relies on *Simmons v. State*, 745 S.W.2d 348 (Tex. Crim. App. 1987). This opinion has been overruled. *Ex parte Hawkins*, 6 S.W.3d 554, 561 (Tex. Crim. App. 1999).

been convicted was a continuous offense that included the alleged adultery. *Id*. at 187. In other words, the two offenses were based on the same conduct, and one was a lesser included offense of the other. Thus, "*Nielson* simply applies the common proposition, entirely in accord with *Blockburger*, that prosecution for a greater offense (cohabitation, defined to require proof of adultery) bars prosecution for a lesser included offense (adultery)." *United States v. Dixon*, 509 U.S. 688, 705 (1993).

The burglary of a vehicle for which appellant was previously tried and convicted was not a continuing offense, and it had been completed before appellant threatened Washington with the knife. *See Chavez*, 479 S.W.2d at 688. In addition, the burglary was not a lesser included offense of the aggravated robbery. Under *Nielson* and *Blockburger*, the two offenses were not based on the same conduct and were not the same offense within the meaning of the double jeopardy clause. The trial court did not err by overruling the plea in bar. Points of error one and two are overruled.

In his remaining point of error, appellant urges that the State did not prove that the knife he wielded during the robbery was a deadly weapon. In the context of this case, the knife was a deadly weapon if appellant used it or intended to use it in a manner capable of causing death or serious bodily injury. Tex. Pen. Code Ann. § 1.07(a)(17)(B) (West Supp. 2004-05).

Washington testified that the knife blade was open and pointed at him in appellant's outstretched hand. Appellant took two steps toward Washington, made a waving motion with the knife, and threatened to cut him. The point of the knife was about one foot from Washington's body. The knife was introduced in evidence, and the arresting officer testified that it was "[m]ost definitely" a deadly weapon.

Under section 1.07(a)(17)(B), an object is a deadly weapon if the actor uses it or intends to use it in a manner in which it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). By word and by deed, appellant plainly threatened to cut Washington with the knife. Viewing all the evidence in the light most favorable to the judgment, a rational trier of fact could find beyond a reasonable doubt that the knife was capable of causing death or serious bodily injury if so used. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The opinions cited by appellant are factually distinguishable. In *Alvarez v. State*, 566 S.W.2d 612, 614 (Tex. Crim. App. 1978), and *Davidson v. State*, 602 S.W.2d 272, 274 (Tex. Crim. App. 1980), the knives in question were not introduced in evidence and the testimony showed that they were held no closer than five feet from the complaining witnesses. In *Tisdale v. State*, 686 S.W.2d 110, 111-12 (Tex. Crim. App. 1984), there was no evidence of any threatening words or gestures by the defendant. Point of error three is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: August 31, 2005

Do Not Publish

5