FRED GOODEN, *alias* BOOKER GOODEN, V. THE STATE.

No. 21317. Delivered November 27, 1940.

The opinion states the case.

*R. G. Allen,* of Houston *(King C. Haynie,* of Houston of counsel on appeal only), for appellant.

*W. C. McClain,* District Attorney, and *Ned G. Wallace,* Assistant District Attorney, both of Conroe, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary. The indictment embraced counts showing that on two previous occasions appellant had been convicted of felonies less than capital. Because of repetition of offenses the penalty was assessed at confinement in the penitentiary for life. See Article 63, P. C.

It is shown that at a time prior to this trial this defendant had been tried for a similar offense, and that for the purpose of an enhancement of the punishment, the previous convictions used in the present case had been used for the purpose of enhancing the penalty in the former case. The same conviction can not be twice used for enhancement purposes. In Kinney v.

State, 79 S. W. 570, this court said: "Evidently it was never intended that prior offenses could thus be made to do double duty; that is, that prior cases could be used to enhance the punishment in any given case more than once." See also Miller v. State, 140 S. W. (2d) 859, and Cothren v. State, 140 S. W. (2d) 860.

The indictment in the present case charged appellant with burglarizing the house of Hill Shannon with the intent to commit theft. In the charge the court authorized a conviction in the event the jury found that the appellant entered the house with the intent to commit theft or any felony. The charge of the court should have been limited to the allegations embraced in the indictment. Stated in another way, the jury would not have been warranted in convicting the appellant if they found that he had entered the building with the intent to commit some felony, it being alleged that the entry was to commit theft only. Emerson v. State, 114 S. W. 835.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.