Ex Parte C. C. Calloway.

No. 23875. Delivered November 5, 1947.

Appellant represented himself.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Relator seeks to file in this court his petition for the writ of habeas corpus and for discharge from the penitentiary.

If the petition shows grounds for the issuance of the writ, it should be granted; otherwise, not.

From the petition the following facts are made to appear:

In 1927, relator was convicted of a felony less than capital. Six years thereafter, or in 1933, he was again convicted of a felony less than capital and the 1927 conviction was there utilized to enhance his punishment as a second offender, as provided by Art. 62, P. C. In 1938, he was convicted of a felony less than capital and the prior convictions of 1927 and 1933 were utilized to fix his punishment at life imprisonment in the penitentiary as an habitual criminal, under the provisions of Art. 63, P. C. He is now confined in the penitentiary and serving that sentence.

It is relator's contention that the State, having utilized the 1927 conviction to enhance the punishment under the 1933 conviction, could not again make use of that conviction to enhance the punishment under the 1938 conviction. Relator takes the further position that the maximum punishment authorized under the 1938 conviction was as a second offender by utilizing the 1933 conviction and that he has, by the time actually served

in the penitentiary together with commutation for good behavior, served that term and is therefore entitled to his discharge from custody thereunder.

In its final analysis, then, the question presented is whether the State was authorized to utilize the 1927 conviction to fix relator's status as an habitual criminal, since it had theretofore utilized that conviction to enhance his punishment as a second offender.

Relator relies upon the following cases to support his contention, viz.: Kinney v. State, 79 S. W. 570; Miller v. State, 139 Tex. Cr. R. 406, 140 S. W. (2d) 859; Cothren v. State, 139 Tex. Cr. R. 339, 140 S. W. (2d) 860; Gooden v. State, 140 Tex. Cr. R. 351, 145 S. W. (2d) 179; Brown v. State, 196 S. W. (2d) 819.

It becomes material to analyze these cases:

In Kinney's case, three indictments were pending against him, each charging the misdemeanor or unlawfully exhibiting a gaming table and containing allegations of three prior convictions for the same offense The allegation of prior convictions was the same in all three cases. Kinney was convicted in all three of the cases. The case before this court was the third or last of the cases, convictions having occurred in the other two cases prior thereto. In the prior cases the alleged former convictions were utilized to enhance the punishment. The enhanced punishment was founded upon Art. 1014 of the Penal Code of 1895. This article has remained unchanged through the years and appears in the exact language in our present Penal Code as Art. 61, P. C. It reads as follows:

"Second and subsequent conviction for misdemeanor

"If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall on a second conviction receive double the punishment prescribed for such offense in ordinary cases, and upon a third or any subsequent conviction for the same offense, the punishment shall be increased so as not to exceed four times the penalty in ordinary cases."

This court, in reaching the conclusion in the Kinney case that the State was without authority to use the prior convictions to enhance the punishment in the case before it because the prior convictions had been previously used to enhance the punishment in the preceding cases, said:

"Evidently it was never intended that prior offenses could thus be made to do double duty; that is, that prior cases could be used to enhance the punishment in any given case more than once. To give the statute such an effect would be violative of the principle of former jeopardy, which inhibits a defendant from being convicted more than once for the same offense. The only difference is that here the same offense was used more than once in order to enhance his punishment. The statute allows these offenses to enter into a subsequent offense for the enhancement of the punishment in as many as four cases. There is no statutory authority that prior offenses can be used more than in the four cases on contingencies mentioned. So it would follow that the judgment in this case cannot be sustained, because the same cases on which the enhanced punishment is predicated here had been previously exhausted."

In evaluating this statement, it must be remembered that Art. 61, P. C. is divided into two separate parts—that is, one relating to enhanced punishment for second convictions and the other to enhance punishment for third and subsequent convictions. It must also be remembered that the holding was based only upon that part of the statute relating to third convictions. There is nothing to show that either of the prior convictions relied upon had been used to enhance Kinney's punishment as a second offender. That question was therefore not in the Kinney case. Therein lies a distinguishing feature between the Kinney case and the case now before us.

In the Miller and Cothren cases the previous convictions there relied upon to enhance the punishment as a second offender had theretofore been utilized for that same purpose in another case. The holding in the Kinney case was therefore applicable and controlling.

In Gooden's case, the two prior convictions had been, one time prior, utilized to enhance the punishment to that of an habitual. This was the direct question presented in the Kinney case.

In none of the cases mentioned do we find the same fact situation as here presented—that is, that a prior conviction utilized to enhance punishment as a second offender could not be used to fix the status of an habitual.

That question appears to have been suggested in Brown's case, supra, but the facts failed to so show. Attention is called,

however, to the fact that upon motion for rehearing in the Brown case this court, speaking through Beauchamp, J., expressed some doubt as to the correctness of the holding in the Kinney case.

At any and all events it is apparent that none of the cases cited are directly in point and controlling the question now before us.

Obviously, a determination of the question calls for a construction of Arts. 62 and 63, P. C., which read as follows :

(Art. 62) "If it be shown on the trial of a felony less than capital that the defendant has been convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

(Art. 63)

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

Art. 62, P. C. prescribes a punishment for second offenders. Art. 63, P. C. prescribes a punishment for third or habitual offenders. The statutes are entirely separate and distinct, one from the other, and deal with two separate and distinct punishments. They are not and cannot be construed, then, as covering the same subject. To give to these statutes (Arts. 62 and 63, P. C.) the construction relator seeks—that is, when a prior conviction is used one time to enhance punishment under Art. 62, P. C., it cannot thereafter be utilized to enhance punishment under Art. 63, P. C.—would be to practically nullify the effect of Art. 63, P. C. Under that article there must be two prior convictions. So then, to prosecute one as an habitual criminal the State would of necessity be called upon to forego or waive its right to proceed against an accused as a second offender when that right presented itself and before the accused had committed and been convicted of the third or subsequent offense. In other words, so long as the State exercised the right to prosecute as a second offender it could never prosecute one as an habitual criminal. Thus is demonstrated the fallacy in relator's contention.

In 25 Am. Jur., p. 269, Sec. 19, we find the controlling rule tersely stated, as follows:

"The fact that a defendant has suffered increased punishment on conviction of a second or subsequent offense by reason of his being a prior offender will not prevent imposition of enhanced punishment upon his conviction of a third or subsequent offense." Attesting authorities are there cited.

The conclusion is reached that the use of a prior conviction to enhance the punishment as a second offender does not preclude the State from again using that conviction to fix the status of an habitual criminal.

Relator's petition for the writ of habeas corpus being without merit, his application to file is denied.

Opinion approved by the Court.