ERNEST JACK JOHNSON V. STATE.

No. 25,965. November 19, 1952.
Rehearing Denied January 14, 1953.

*Russell Dunn* and *Dean Martin* (by *Dean Martin* of Counsel) Sherman, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary, with three prior convictions alleged to enhance the punishment; the punishment, life.

Appellant's primary grounds for reversal lie in his contention that two of the three prior convictions alleged in the instant indictment had already been used by the state for the purpose of enhancing the punishment in another habitual criminal case and, therefore, might not again be used in the case at bar.

An excellent brief raises this interesting question, and we must review the history of this appellant's criminal record and analyze our former holdings in order to solve the question here presented.

The grand jury of the district court of Grayson County, at its January term, 1950, returned an habitual criminal indictment against this appellant, alleging as the primary offense a burglary charged to have been committed on the 3rd of February, 1950. Three prior convictions in the district courts of Grayson County were alleged therein in order to enhance the punishment. The conviction on this indictment was appealed to

this court, and on December 20, 1950, the same was reversed because of the failure of the state to corroborate the testimony of the accomplice. Johnson v. State, 155 Tex. Cr. R. 325, 235 S. W. 2d 180.

The grand jury of Grayson County, at its July term, 1951, returned another habitual criminal indictment against this appellant, which is the case now before us. The primary offense therein charged was a burglary alleged to have occurred on July 14, 1951. Two of the prior offenses alleged were the same as those alleged in the foregoing case. Johnson v. State, supra.

At the time the proof of these prior offenses was offered, appellant objected on the grounds that there was then pending on the docket of said court the indictment in the previous case against him. Such objection was overruled, and the proof was made.

Appellant contends that the case at bar is controlled by our holding in two cases. Gooden v. State, 140 Tex. Cr. R. 347, 145 S. W. 2d 177, and 140 Tex. Cr. R. 357, 145 S. W. 2d 179.

In order to understand the Gooden cases, it is necessary to keep in mind the sequence of events therein shown.

Both cases came from the district court of Montgomery County. Both were habitual criminal indictments. Each alleged a different primary offense, and each alleged the same prior convictions. The first case was tried in April, and the second case was tried in May, of 1940. Gooden was sentenced to life imprisonment in each case.

Gooden v. State, 140 Tex. Cr. R. 347, 145 S. W. 2d 177, was reversed, because the trial court erred in his charge to the jury.

Gooden v. State, 140 Tex. Cr. R. 351, 145 S. W. 2d 179, was reversed, because the prior convictions alleged therein had been employed to enhance the punishment in Gooden v. State, 140 Tex. Cr. R. 347, 145 S. W. 177. It is obvious from this statement of chronology that we had there a case where the appellant had been successfully prosecuted in the first case; and while that case was on appeal, the trial court proceeded to try him again as an habitual criminal, using the same prior convictions to enhance the punishment.

We held that the prior convictions could not be used twice to enhance the punishment.

The word "successfully" was not used in the opinion, but when this question was again discussed in Sigler v. State, 143 Tex. Cr. R. 220, 157 S. W. 2d 903, we had occasion to draw this distinction. In the Sigler case, supra, the contention was raised that the prior convictions could not again be used in a Gregg County trial held in 1941, because they had unsuccessfully been used in a trial in Bexar County in 1939.

The Bexar County case was tried in September, 1939, and was reversed by this court on April 24, 1940. Sigler v. State, 139 Tex. Cr. R. 167, 139 S. W. 2d 277. Under the indictment and the trial court's charge in that case, had the jury accepted the proof of the prior convictions, they would have assessed his punishment at confinement for life. This, they did not do, but assessed his punishment of ten years upon a finding of guilt of the primary offense only. The Bexar County case was reversed by this court because of the receipt in evidence of an involuntary confession.

Following this, on December 18, 1940, Sigler was indicted by the grand jury of Gregg County as an habitual criminal, and the same prior convictions which had been plead in the Bexar County indictment were plead in the Gregg County indictment.

When the Gregg County case, 143 Tex. Cr. R. 220, 157 S. W. 2d 903, reached this court on appeal, we amplified the statement of law found in the Gooden case and held that, since the prior convictions had been unsuccessfully used in the trial court of Bexar County, they might properly be used again in Gregg County.

In the instant case, the state had not successfully used the prior convictions at the time of the trial on the instant indictment, because this court had, prior to such time, reversed the previous habitual criminal conviction; and the original indictment remained pending on the docket of the trial court. Such a situation did not constitute a successful use of the prior convictions so as to prevent their being used in the instant case.

It follows, therefore, that should the original habitual criminal case against this accused, which we reversed in 1950, ever be tried again and the punishment be enhanced by the use of

these same prior convictions, we would, in line with the Gooden case, reverse the same.

Having reached such conclusion, we overrule appellant's contention in this respect.

Appellant contends that the state failed to prove a prima facie case of breaking. With this contention, we cannot agree.

The witness Livingston testified that, on the night of the burglary when he closed the place of business, the windows and doors were all closed. He stated, "I am not sure they were locked. I am sure they were closed."

Appellant was arrested inside the building shortly after midnight.

Officer Atnip testified that, following the arrest of the appellant, he "looked over the building again." He stated that he found all the doors and windows locked save one, and that it was a drop window which was closed but not locked.

At the time appellant was searched, certain property was found on his person which was identified by the owner of the building as belonging to him.

We find the evidence sufficient; and no reversible error appearing, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant, in his motion for rehearing, advances no contention not passed upon originally, but reiterates the contention originally made and urges that we erred in reaching a contrary conclusion.

We have examined the entire record again, and remain convinced that a correct conclusion was reached originally.

The motion for rehearing is overruled.

Opinion approved by the court.