**James B. DENNISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38771.**

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

Rehearing Denied March 9, 1966.

John H. Regner, amicus curiae, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Allen L. Stilley and James I. Smith, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft with two prior felony convictions alleged for enhancement; the punishment, life.

The witness Pike testified that on September 24, 1963, his green 1963 Pontiac sedan with the keys in the ignition was stolen from a parking lot in Houston. He further stated that some two days later he was notified by police that his car had been found and that on examining the car he found that the trunk lid had been pried off and that a cot, his tool box and the contents of his glove compartment were missing.

The witness Turner testified that he was present as a customer at the parking lot on the morning in question and that he saw the appellant in the lot at that time.

The witness Furlow testified that the appellant appeared at his place of business on the afternoon of the day in question in a green 1963 Pontiac sedan. The witness Knight corroborated Furlow's testimony and further stated that he noted that the trunk lid on the Pontiac was bent at the lock, and that on observing a police car passing down the road a few minutes after appellant's departure, he followed and saw the same car in a ditch with appellant nowhere in sight.

Mr. and Mrs. Harvey testified that as they were traveling home they observed the Pontiac driving away from Furlow's and saw it careen into a ditch. Both witnesses placed appellant at the scene.

Officer Wedemeyer, who was called to the scene of the wreck, identified the license number of the vehicle as that belonging to Mr. Pike. He further stated that various articles removed from the vehicle were recovered in the underbrush behind the service station where appellant had been employed.

Testimony was introduced showing the value of the vehicle was over fifty dollars.

The prior convictions were shown by certified copies of the judgment, sentence and fingerprints of appellant. Further, Officer Warnke of the Bexar County Sheriff's Department testified as to the date of the commission of the second prior offense in conformity with the rule in Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383.

Deputy Knowles, a fingerprint expert, testified that he took fingerprints from the appellant on the morning of the trial, and identified the fingerprints taken from appellant with those taken under the prior convictions.

■ Appellant's contention with respect to the taking of his fingerprints while under arrest and without warning has been determined adversely to him in Gage v. State, Tex.Cr.App., 387 S.W.2d 679.

■ By amicus curiae brief it is contended that the record does not reflect that appellant was represented by counsel at the trial of the offenses alleged for enhancement. While there was no issue drawn at trial as to this contention, we note that the certified copies of the judgment in each

case alleged for enhancement reflect that the defendant appeared in person and by attorney.

It is insisted that appellant was entitled to have the case submitted to the jury on the issue as to his guilt of the primary offense charged without reference to the allegations of the indictment charging prior convictions. This Court has held that such is not necessary. Punchard v. State, 142 Tex.Cr.R. 531, 154 S.W.2d 648, Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182, Whitlock v. State, 170 Tex.Cr.R. 153, 338 S.W.2d 721.

We find no error in the method by which the prior convictions were proven. Reyes v. State, 172 Tex.Cr.R. 82, 353 S.W.2d 450.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.