Jerry Ross PLATT, Appellant,

v.

The STATE of Texas, Appellee.

No. 39621.

Court of Criminal Appeals of Texas.

May 18, 1966.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Joe Naron, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the unlawful possession of heroin; the punishment, enhanced by prior convictions, one for unlawfully breaking and entering a motor vehicle and the other for burglary; life.

Sentence was pronounced and notice of appeal given on December 22, 1965.

The evidence adduced before the jury reflects that shortly after 9 o'clock P.M. on

Sunday, August 8, 1965, Houston Police Officer B. E. Majors of the Narcotics Division received information in connection with appellant, which information he conveyed by telephone to Police Officer T. A. Bell, who was at the Ben Taub Hospital Emergency Room with his partner, Officer E. G. Adams.

As a result of receiving such information, Officer Bell found appellant at the hospital and arrested and searched his person. In his left shirt pocket Officer Bell found a cellophane paper containing a white powder which was shown by test to be approximately 30 miligrams of 21 percent pure heroin.

In appellant's left trousers pocket Officer Bell found a syringe, eye dropper, some needles, aspirin tin and cotton, all wrapped in a paper towel.

An examination of these articles for narcotics revealed that the eye dropper and needles contained .10 miligrams of heroin and the aspirin tin and cotton contained 1.2 miligrams of heroin.

The indictment alleged that appellant was convicted in Criminal District Court No. 5 of Harris County on February 10, 1961, for the offense of unlawfully breaking and entering a motor vehicle; and that after said conviction became final appellant committed the offense of burglary and on May 21, 1964, was convicted of said offense of burglary in Cause No. 109657, in Criminal District Court No. 4 of Harris County.

The two prior convictions were proved by records from the Texas Department of Corrections, court records and finger print testimony.

■ Appellant challenges the sufficiency of the evidence to sustain the allegation that the conviction for burglary in Cause No. 109657, on May 21, 1964, was for an offense committed after February 10, 1961 (the date of the first conviction).

The indictment in Cause No. 109657, filed April 1, 1964, was introduced in evidence.

It alleged that the offense was committed on or about February 6, 1964.

Patrolman K. P. Meyers, of the Houston Police Department, testified that he was involved in the investigation of a burglary which took place on February 4, 1964, as the result of which investigation appellant was indicted in Cause No. 109657.

Appellant's contention that the evidence is insufficient to sustain the allegations of the indictment as to prior convictions is overruled. Gomez v. State, Tex.Cr.App., 365 S.W.2d 176.

■ The contention that appellant was denied his constitutional rights by the reading of the indictment and the introduction of evidence before the jury as to the prior convictions is overruled. Crocker v. State, Tex.Cr.App., 385 S.W.2d 392, and cases cited; Sims v. State, Tex.Cr. App., 388 S.W.2d 714.

■ Appellant's contention that he was compelled to give evidence against himself when the state was permitted to introduce his finger prints taken on the morning of his trial, in the absence of his lawyer, is without merit. Gage v. State, Tex.Cr.App., 387 S.W.2d 679; Dennison v. State, Tex. Cr.App., 399 S.W.2d 365.

Appellant presents three points of error directed to the admission of the evidence, over his objection, which was obtained as the result of his arrest and search without a warrant.

He contends that Officer Bell did not have probable cause for such arrest, search and seizure; that the evidence used against him was the fruit of an illegal arrest, search and seizure and that such evidence was obtained in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

The trial court heard testimony relating to appellant's arrest and search outside the presence of the jury before admitting the evidence complained of.

Officer Majors testified that he was on duty in the downtown area shortly before 9 o'clock P.M. on Sunday, August 8, 1965, when he received information by telephone from a person who on several occasions in the past had given him information regarding known narcotics users and their whereabouts, which he had found to be correct, two of which had resulted in indictments.

Officer Majors testified that the informer, whose name he would rather not disclose, left a number for him to call; that he called the number and was told that appellant was at the Ben Taub Hospital at that time and had narcotics in his possession; that Jo Jo Jackson was with him; that he did not know how long appellant would stay there; that appellant would be in the Coffee Shop. He testified that he conveyed said information by telephone to Officer Thomas A. Bell, who was in the Emergency Room at the Ben Taub Hospital.

Officer Bell testified as to having received such information while in the Emergency Room, and testified:

As he and his partner, E. G. Adams, entered the Coffee Shop or bar he saw appellant and Jo Jo Jackson; that he began talking to Jo Jo and appellant turned around and looked at him and started walking out hastily; that Jo Jo started walking out after him and that he stopped appellant after he got outside and arrested and searched him.

■ The trial court did not err in concluding that Officer Bell had probable cause to arrest and search appellant without a warrant. Clifton v. State, Tex.Cr. App., 399 S.W.2d 353; Converse v. State, Tex.Cr.App., 386 S.W.2d 283; Jones v. State, Tex.Cr.App., 264 S.W.2d 722.

■ The contention that the trial court erred in permitting Officer Majors to testify before the jury, over objection that it was hearsay, that he received information concerning appellant and conveyed such information to Officer Bell without disclosing what the information was, is without merit. Lock v. State, 334 S.W.2d 292.

The remaining claim of error which relates to argument of counsel for the state is not presented by formal bill of exception nor is the argument of said counsel brought forward in the statement of facts. Muro v. State, Tex.Cr.App., 387 S.W.2d 674.

■ The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.