**M. C. HEAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40517.**

Court of Criminal Appeals of Texas.

July 19, 1967.

Rehearing Denied Oct. 18, 1967.

Charles Scarborough, Robert D. Batjer, Jr., Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced by two prior convictions for felonies less than capital, life.

Trial was before a jury. The plea was not guilty.

After return of a verdict of guilty by the jury, appellant elected to have the trial judge assess the punishment, as authorized by Art. 37.07 Vernon's Ann.C.C.P. After dismissing the jury, the judge held a hearing where evidence was introduced in support of the allegations as to prior convictions against appellant. Punishment was then assessed at life imprisonment.

Appellant's contention that this procedure denied him the right to a fact-finding by a jury with regard to the prior convictions against him is overruled.

The prior convictions were proved at the hearing on punishment by the introduction of records of the Texas Department of Corrections, including certified copies of the judgment and sentence in each cause. Appellant was identified by an eyewitness as the same person who was convicted in Cause No. 6692 in the 49th Judicial District Court of Erath County in 1960. He was also identified as the same person who was convicted in Cause No. 8887–A in the 42nd Judicial District Court of Taylor County in 1958.

A fingerprint expert from the Texas Department of Public Safety testified that he took appellant's fingerprints and compared them with the prints forming a part of the records of the Department of Corrections and that the two sets of prints were made by the same person.

The proof shows that the 1958 conviction was used to enhance the punishment in the 1960 conviction to 7 years for forgery, under Art. 62 P.C.

■ Appellant's contention that it was error to use the first prior conviction to enhance the penalty in the present case, under Art. 63 P.C., the first prior conviction having been successfully used to enhance the punishment in the second prior conviction under Art. 62 P.C., is overruled. Ex parte Calloway, 151 Tex.Cr.R. 90, 205 S.W.2d 583; Mayo v. State, 166 Tex.Cr.R. 470, 314 S.W.2d 834. We are not disposed to grant appellant's earnest plea that these authorities be overruled.

■ Appellant's contention that he was compelled to give evidence against himself when the state was permitted to introduce his fingerprints taken on the morning of his trial, in the absence of his lawyer, is without merit. Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Gage v. State, Tex.Cr.App., 387 S.W.2d 679; Dennison v. State, Tex.Cr.App., 399 S.W.2d 365.

■ Appellant challenges the sufficiency of the evidence offered by the state to

prove the allegation that the conviction on November 7, 1960, in Erath County, was for an offense committed after the conviction in 1958 became final.

The indictment in Cause No. 6692 from Erath County was introduced into evidence. It set out the check which was alleged to have been forged, which check was dated May 14, 1960, the date on or about which the offense was alleged to have been committed. This allegation was sufficient to show that the 1960 conviction was for an offense committed subsequent to the 1958 conviction becoming final. Ex parte Ferrell, Tex.Cr.App., 406 S.W.2d 440.

Also, it was alleged and adjudicated in the 1960 conviction that the 1958 conviction in Taylor County was a final conviction prior to the commission of the offense which resulted in the 1960 conviction.

■ Appellant's final contention is that, since the evidence shows the date of the judgment in the prior conviction in Erath County to be October 19, 1960, and the indictment alleged that the conviction was on November 7, 1960, this constitutes a fatal variance between the allegation in the indictment and the proof. The indictment correctly alleged that appellant was previously convicted on November 7, 1960, the date of the sentence and the date of the final conviction in the previous cause. Goodale v. State, 146 Tex.Cr.R. 568, 177 S.W.2d 211; Covarrubias v. State, 169 Tex. Cr.R. 288, 334 S.W.2d 187.

The judgment is affirmed.

### OPINION
### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that our opinion delivered on original submission is contrary to the rule, stated in Gooden v. State, 140 Tex.Cr.R. 351, 145 S.W.2d 179, and subsequently followed by this Court, that prior convictions can be used only once to en-

hance punishment as an habitual criminal, under Art. 63 of the Penal Code.

■ In the Gooden case, the prior convictions were twice used to enhance punishment, under Art. 63, supra, and it was held that this could not be done. We adhere to such holding.

In the instant case, the two prior convictions have not been used more than once to enhance appellant's punishment under Art. 63, supra.

■ The fact that the 1958 conviction was used to enhance his punishment as a second offender under Art. 62, V.A.P.C., does not—under this Court's holdings in Mayo v. State, 166 Tex.Cr.R. 470, 314 S. W.2d 834, and Ex parte Calloway, 151 Tex. Cr.R. 90, 205 S.W.2d 583, cited in our original opinion—preclude its subsequent use in fixing his status herein as a third offender (habitual criminal), under Art. 63, supra. The opinion in Ex parte Calloway, supra, which appellant attacks in his brief, though prepared by a Commissioner, was unanimously approved by the Court, and, under the provisions of Art. 1811c, V. C.S., has the same weight and legal effect as if originally prepared and handed down by said court. We adhere to these holdings.

The motion for rehearing is overruled.

### CONCURRING OPINION
### ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

I concur with the opinion on motion for rehearing, but would add the following.

Any other holding than the one we have made would render Article 63, supra, inoperative except in those rare cases where a prosecutor had failed to employ the enhancement provisions of the Code. That is, it would be necessary for an accused to have been convicted of two separate felonies at different times, and the first not used to

enhance the second. Only in such a case could Article 63 be given application upon a third conviction. Any other holding would effectively destroy the purpose of the enhancement provisions of the Code.