**John Calvin PEARSON, Petitioner,**

**v.**

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

March 10, 1975.

Scott N. Brown, Jr., James D. Robinson, Chattanooga, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Bart Durham, Asst. Atty. Gen., for respondent.

## OPINION

HENRY, Justice.

We granted certiorari in this case in order to clarify the law with respect to the use of criminal convictions as a predicate for successive convictions under the habitual criminal statutes (Sec. 40-2801 et seq., T.C.A.).

The record reflects convictions of the petitioner as follows:

a. Sept. 16, 1964    armed robbery
b. Sept. 16, 1964    burglary
c. Dec. 2, 1964    armed robbery
d. April 26, 1973    armed robbery
e. April 26, 1973    habitual criminal
f. August 2, 1973    armed robbery
g. August 2, 1973    habitual criminal

The first three enumerated convictions resulted in the April 1973 conviction of petitioner as an habitual criminal. The second count of the indictment in the present case charged petitioner with being an habitual criminal on the basis of the same three convictions followed by the commission of a felony (armed robbery) charged in the first count. Upon trial petitioner was convicted of armed robbery and, again, convicted of being an habitual criminal.

In the Court of Criminal Appeals, and in this Court, the petitioner attacks his second conviction as an habitual criminal on grounds which may be summarized as follows:

a. the second conviction constituted double jeopardy

b. two of the underlying convictions occurred on the same date and should constitute only one conviction under the habitual criminal law

c. the prior convictions occurred while petitioner was a juvenile

d. the second conviction constituted cruel and unusual punishment within the meaning of the constitutional prohibitions.

The Court of Criminal Appeals decided all issues adversely to petitioner; however, one of the members filed a dissenting opinion protesting the unfairness of using the same prior convictions to support a second habitual criminal conviction. Because of this dissent and because this is an issue of first impression in Tennessee, we granted certiorari.

To reduce petitioner's principal complaint to simple terms, he insists that his first conviction as an habitual criminal operates to obliterate the three felony convictions upon which the present conviction is based; and, therefore, the conviction of August 2, 1973, instead of being his fifth conviction, becomes his first. In other words, he says he started all over again and is entitled to commit two more felonies before he may be convicted again as an habitual criminal.

## I.

As a prelude to our consideration of the petitioner's double jeopardy claim we point out that the habitual criminal statutes do not create an independent crime, but define and prescribe a status arising from circumstances under which the penalty for violating one of the prescribed felonies charged on the same indictment is increased to life imprisonment. Harrison v. State, 217 Tenn. 31, 394 S.W. 2d 713 (1965); Canupp v. State, 3 Tenn. Cr.App. 249, 460 S.W.2d 382 (1970).

The third conviction of one of the prescribed felonies is the triggering mechanism which brings the habitual criminal statute into play. If the third trial ends in an acquittal then the count of the indictment charging the defendant with being an habitual criminal is not at issue and is not triable. Harrison v. State, *supra*.

It is an elementary proposition that the double jeopardy provisions of the State and Federal Constitutions preclude a second conviction under the habitual criminal statutes, absent the intervening conviction for one of the specific felonies. Again, it is the subsequent felony conviction that triggers the statute.

Since habitual criminality is a status or a vehicle for the enhancement of punishment, incidental to and dependent upon the most recent conviction, as opposed to an independent crime, jeopardy does not attach.

The following from Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L. Ed. 917 (1912) is appropriate:

The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted.

* * * This legislation has uniformly been sustained in the state courts (citing cases) and it has been held by this court not to be repugnant to the Federal Constitution. Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301; McDonald v. Massachusetts, 189 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542.

In the McDonald case * * * Mr. Justice Gray said (p. 312 [of 180 U.S., p. 390 of 21 S.Ct., 45 L.Ed. 542]):

"The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished. * * *.

"But it does no such thing * * * The punishment is for the new crime only, but is the heavier if he is an habitual criminal."

Since we have no Tennessee decision on the precise issue of using convictions a second time to support a second habitual criminal conviction, we look to the action of our sister states for guidance.

The State of Idaho designates an habitual criminal as a "persistent violator." In State v. Salazar, 516 P.2d 707 (Idaho 1973), which involved an appeal from a second sentence of life imprisonment, the Court said:

The only issue presented in this appeal is whether a second persistent violator prosecution relying on offenses utilized to sustain a first persistent violator charge is violative of the constitutional proscription against double jeopardy. It is the majority view that the second use of a prior conviction to establish a persistent violator charge does not constitute double jeopardy. State v. Losieau, 182 Neb. 367, 154 N.W.2d 762 (1967); State v. Gaskey, 255 Iowa 967, 124 N. W.2d 723 (1963); City of Cincinnati v. McKinney, 101 Ohio App. 511, 137 N.E. 2d 589 (1955).

Appellant correctly points out that early Texas decisions reached a contrary result. Kinney v. State, 45 Tex.Cr.R. 500, 79 S.W. 570 (1904). More recent Texas cases such as Brown v. State, 150 Tex. Cr.R. 386, 196 S.W.2d 819 (1946) and Mayo v. State, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957) point out that Kinney's continuing validity rests only upon principles of statutory construction and that Texas now concurs with the majority view that such procedure does not constitute double jeopardy.

In State v. Losieau, 182 Neb. 367, 154 N.W.2d 762 (1967) the Nebraska Supreme Court had under consideration an insistence that to allow a conviction to be used more than once to support an habitual criminal charge places a defendant twice in jeopardy and constitutes cruel and unusual punishment. In holding against these insistences the Court said:

> . . . We see no reason why a first conviction under the habitual criminal law which increases the penalty for the felony conviction with which it is associated should be treated as wiping the slate clean and permitting the defendant to start over again as though he had never been convicted of any felony. Where the very purpose of the habitual criminal act is to penalize the repetition of criminal conduct, we find nothing unfair, much less unconstitutional, in using the same criminal conviction as the basis for the increased punishment for a subsequent felony conviction.

Texas decisions have a particular relevance since they are cited in support of the dissenting opinion of the Court of Criminal Appeals.

In Ex Parte Calloway, 151 Tex.Cr.R. 90, 205 S.W.2d 583 (1947), the Court said:

> The use of a prior conviction to enhance the punishment as a second offender does not preclude the State from again using that conviction to fix the status of an habitual criminal.

In Mayo v. State, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957) the Court quoted from and reaffirmed *Calloway*.

Benedict v. State, 172 Tex.Cr.R. 570, 361 S.W.2d 373 (1962) did not involve the state's habitual offender law. Texas also has a "second offender" law, and under this law the Court held that prior convictions may not be used more than once to enhance punishment.

The rationale of *Benedict* supports the dissenting opinion; however, the same Court, five years later decided Head v. State, 419 S.W.2d 375 (Tex.Cr.App.1967), wherein *Mayo* and *Calloway* were reaffirmed, and said:

> "The fact that the 1958 conviction was used to enhance his punishment as a second offender under Art. 62, V.A.P.C. does not . . . preclude its subsequent use in fixing his status herein as a third offender (habitual criminal) . . . ."

*Head* was reaffirmed in Tristan v. State, 510 S.W.2d 329 (Tex.Cr.App.1974).

As pointed out in State v. Salazar, *supra,* it appears that "Texas now concurs with the majority view that such procedure does not constitute double jeopardy."

■ We hold that the use of prior convictions as the basis for enhancing the penalty for a subsequent felony conviction, even though they have previously been used for such purpose on a prior habitual criminal conviction, does not violate the Fifth Amendment to the Constitution of the United States or Article 1, Section 10 of the Constitution of Tennessee.

II.

■ Petitioner's contention that two of the underlying convictions occurred on the

same date and should be considered as only one conviction under the habitual criminal law is without merit. It is not necessary that defendant should have been tried and convicted on separate days. State v. Bomar, 213 Tenn. 487, 376 S.W.2d 446 (1964).

### III.

Petitioner's insistence that his prior convictions occurred while he was a juvenile is not borne out by the record. With respect to this contention, we concur in the holding of the Court of Criminal Appeals:

> We think that the testimony of the appellant standing alone, to the effect that he was a juvenile at the time of the prior convictions, cannot prevail over the minutes of court which indicate that the judgment in those cases was validly rendered and entered. In the absence of some proof on this contention we presume that he was properly bound over for trial as an adult.

When a defendant is tried, convicted and sentenced as an adult, the provisions of the habitual criminal law are applicable, if the other criteria are met.

### IV.

In Hobby v. State, 499 S.W.2d 956 (Tenn.Cr.App.1973) the Court held that our habitual criminal act is not unconstitutional as inflicting cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. See also Frazier v. State, 480 S.W.2d 553 (Tenn.Cr.App.1972). Nor does it violate Article 1, Section 16 of the Constitution of Tennessee.

The judgment of the Court of Criminal Appeals is affirmed.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.