Robert B. BEARD, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

July 21, 1976.

Certiorari Denied by Supreme Court Oct. 18, 1976.

Thomas N. Bateman, Clarksville, for appellant.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, John J. Hestle, Dist. Atty. Gen., Clarksville, for appellee.

## OPINION

RUSSELL, Judge.

This is an appeal from the dismissal of Robert B. Beard's petition seeking post-conviction relief from an adjudication of habitual criminality and resultant life sentence. An evidentiary hearing was held, and the evidence presented by stipulation.

■ The first question for review is whether or not there were two valid prior convictions to support the third (new) one for burglary at the 1972 trial which culminated in the finding that Beard was an habitual criminal as defined in T.C.A. § 40–2801. Four separate prior felony convictions were relied upon by the State, including the 1972 burglary case. A 1961 jail escape conviction, based upon a guilty plea entered without benefit of counsel, is conceded to be invalid. However, the only attack upon a 1966 burglary conviction and a 1969 armed robbery conviction is that their affirmance by this court upon direct appeal was not made the subject of a petition for certiorari to the Tennessee Supreme Court. Beard disclaims any desire for such further appellate review now, and maintains that the convictions are facially void simply because petitions for certiorari were not filed. Those convictions are not void, or even voidable, for lack of two tier review; but at most, given a following of the proper procedures and the facts to justify it, might still be reviewable by our Supreme Court. We overrule the attack upon the validity of the convictions supporting the adjudication of the habitual criminal status.

■ Next, Beard questions the validity of an order entered by the trial judge in conjunction with the 1972 proceeding, whereunder the sentence for the burglary conviction was ordered to run consecutively to that given for an assault to commit murder. This court addressed this exact question in the direct appeal and explicitly held it to be without merit. The question is previously determined per T.C.A. § 40–3812.

Finally, Beard erroneously contends that the habitual criminal statutes are unconstitutional. *Pearson v. State,* Tenn., 521 S.W.2d 225 (1975).

We affirm the dismissal of this petition. While the issues were poorly defined in the original wide-ranging petition, which grossly failed to comply with the mandatory provisions of T.C.A. § 40–3804, trial and appellate counsel and the learned trial judge (who filed an exemplary finding of fact and memorandum of law) brought the case into focus for review.

WALKER, P. J., and DAUGHERTY, J., concur.