**Nolan Joseph HAINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61079.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 21, 1981.

Rehearing Denied Nov. 25, 1981.

Joe *Cannon*, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann, and J. Gordon Dees, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

Appellant, no stranger to this Court for reasons later expressed in this opinion, was charged and convicted for committing the offense of burglary of a building, see V.T. C.A. Penal Code, Sec. 30.02. After a jury found him guilty of the primary offense and also found that he had previously been convicted of two prior felony offenses, the trial court assessed his punishment at life imprisonment in the penitentiary. See V.T. C.A. Penal Code, Sec. 12.42(d).

In several grounds of error, appellant contends reversible error was committed by the trial court when it, over objection, permitted the State to use a prior conviction, bearing cause number 75,895, which, with the other alleged prior conviction, caused appellant's punishment to be assessed at life imprisonment. In short, he claims that the State should not have been permitted to use the numbered alleged prior conviction as he claims it had previously been "successfully" used to enhance his punishment to life imprisonment in a cause formerly decided by this Court. It is, therefore, readily apparent that appellant's cornerstone to his claim lies in what this Court said or did not say in his former conviction, which cause we will now discuss.

In *Haines v. State*, 391 S.W.2d 58 (Tex. Cr.App.1965), appellant was charged by indictment with the offense of burglary, with three prior noncapital felony convictions alleged for enhancement of punishment; his punishment, assessed by a jury pursuant to Art. 63, V.A.P.C., was life imprisonment. The alleged prior convictions were numbered 62,191, 65,729 and 75,895. After review, this Court ordered appellant's conviction reformed from life imprisonment to 12 years in the penitentiary. See Art. 62, V.A.

P.C. (1925).[1] It was determined that the record failed to disclose any evidence to sustain the allegation of the indictment that the offense for which the defendant was convicted in cause number 75,895 was committed after the judgment of conviction in cause number 65,729, on January 25, 1952, or the judgment of conviction in cause number 62,191, on December 19, 1945, became final. Because there was ample evidence that appellant had been convicted of the offense of burglary in at least one of the enhanced causes, this Court ordered the judgment of conviction reformed, pursuant to Art. 62, supra, to 12 years' confinement in the penitentiary.

Appellant complains in this cause that the State should not have been permitted to use the prior conviction, bearing cause number 75,895, because it had previously been successfully used for purposes of enhancement of punishment in his former cause; thus, he argues, the State was foreclosed from again using the same prior felony conviction. He claims this action violated the general rule that the same prior felony conviction may not be used twice to enhance punishment. See *Rollins v. State*, 542 S.W.2d 163 (Tex. Cr.App.1976); *Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr.App.1975). We overrule his contention.

We first observe that as a result of what this Court has enunciated in the past, regarding the use of a prior conviction for enhancement of punishment purposes more than one time, see, for example, *Ex parte Montgomery*, 571 S.W.2d 182 (Tex.Cr.App. 1978), the Legislature enacted V.T.C.A. Penal Code, Sec. 12.46, which provides:

The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes.

This statutory provision became effective June 7, 1979. See *Ex parte McAtee*, 586 S.W.2d 548, 550 (Tex.Cr.App.1979). By its wording, the new statutory provision has effectively changed the former general rule and overruled such cases as *Ex parte Montgomery*, supra, and *Shivers v. State*, 574 S.W.2d 147 (Tex.Cr.App.1978). However, we need not discuss the applicability of Sec. 12.46 to this cause, for appellant's trial and conviction occurred prior to its passage. See *Ex parte Alegria*, 464 S.W.2d 868 (Tex. Cr.App.1971).

The question in this cause is whether the State has successfully used appellant's above underscored numbered prior conviction twice for enhancement purposes in any two cases.

What is often overlooked by the bench and bar, although well established in law, is the fact that a prior felony conviction may first be used to elevate the punishment for the primary offense to "second offender" status and then if this "second offender" conviction becomes final, the pri-

---

1. Art. 62, *supra*, provided:

    If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases. Art. 63, V.A.P.C. (1925), then provided:

    Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary.

    V.T.C.A. Penal Code, Sec. 12.42 now provides:

    (a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony.

    (b) If it be shown on the trial of a second-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a first-degree felony.

    (c) If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years.

    (d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life.

or conviction may again be used in a subsequent conviction to enhance the punishment from that of a "second offender" to that of a "third offender." Thus, the prior conviction may be used twice, but not to twice enhance the punishment to achieve the same automatic punishment. See Arts. 62 and 63, supra; cf. Sec. 12.42, supra.

In *Ex parte Montgomery*, supra, 183–84 (1978), the rules governing the use of prior convictions were succinctly set out by then Judge Phillips of this Court, when he wrote the Court's opinion and stated:

> The law is clear that in prosecutions under Sec. 12.42 the same prior conviction cannot be used to enhance a defendant's punishment to life as an habitual criminal in two separate cases. See *Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr.App.1975); *Ex parte Friday*, 545 S.W.2d 182 (Tex.Cr.App.1977); *Gooden v. State*, 140 Tex. Cr.R. 351, 145 S.W.2d 179 (1940). It is the general rule that a prior conviction cannot be used twice for enhancement purposes in any two cases. See *Shaw v. State*, 530 S.W.2d 838 (Tex.Cr.App.1976); *Ex parte White*, 538 S.W.2d 417 (Tex.Cr.App.1976); *Rollins v. State*, 542 S.W.2d 163 (Tex.Cr.App.1976); *Miller v. State*, 139 Tex.Cr.R. 406, 140 S.W.2d 859 (1940); *Cothren v. State*, 139 Tex.Cr.R. 339, 140 S.W.2d 860 (1940); *Kinney v. State*, 45 Tex.Cr.R. 500, 79 S.W. 570 (1904). This general rule is *subject to the exception* that the use of a prior conviction to enhance the punishment as a second offender does not preclude the State from again using that conviction to affix the status of a habitual criminal. See *Ex parte White*, supra; *Ex parte Calloway*, 151 Tex.Cr.R. 90, 205 S.W.2d 583 (1947); *Mayo v. State*, 166 Tex.Cr.R. 470, 314 S.W.2d 834 (1957); *Head v. State*, 419 S.W.2d 375 (Tex.Cr.App.1967); *Cleveland v. State*, 493 S.W.2d 145 (Tex.Cr.App. 1973).

A review of all the above-mentioned cases indicates that *if a prior conviction is used successfully*, it cannot be used for enhancement again, unless the State uses it for the purposes of showing appellant to be a habitual criminal for the first time. If, on the other hand, the prior prosecution was not successfully enhanced, then the prior conviction may be used in a new prosecution. See *Florez v. State*, 479 S.W.2d 683 (Tex.Cr.App.1972); *Benedict v. State*, 172 Tex.Cr.R. 570, 361 S.W.2d 373 (1962); *Brown v. State*, 150 Tex.Cr.R. 386, 196 S.W.2d 819 (1946); *Cleveland v. State*, supra, and cases cited therein.

The key to answering the question posed is whether the use of the underscored numbered prior conviction for enhancement purposes was "successful," as alleged in the indictment in which it was originally pled. Webster's New Collegiate Dictionary, 1154, 1980 Edition, defines the word "successful" as meaning "resulting or terminating in success." Thus, for a prior felony conviction to have been used "successfully," it necessarily follows that its use resulted or terminated in success; i. e., it was successful in what it was intended to accomplish.

■ It therefore appears that the word "successfully," as used in our past interpretations of the recidivist statutes, means exactly that: Before the State is precluded or foreclosed from using the same prior felony conviction to enhance a defendant's punishment to life as an habitual criminal, the prior conviction must have been used "successfully," i. e., it resulted in the defendant receiving the maximum possible punishment that is automatically provided by law, to-wit: life imprisonment. If a prior conviction has not been used successfully in a "third offender" cause, it may be used for enhancement purposes until life imprisonment is finally achieved, *Ex parte Montgomery*, supra. In sum, to prohibit the State from using the prior conviction in a habitual cause, even where used in the same or a different prior "habitual" cause, it must have been used "successfully." E. g., *Johnson v. State*, 158 Tex.Cr.R. 154, 253 S.W.2d 1006, 1007–8 (1953);[2] *Ex parte*

---

**2.** Due to the fact there are two *Johnson* causes, this one and *Johnson v. State*, 155 Tex.Cr.R. 325, 235 S.W.2d 180 (1950), we have labeled them *Johnson* No. 1 and *Johnson* No. 2, according to the year they were decided.

*Shivers,* 501 S.W.2d 898, 902 (Tex.Cr.App. 1973). Of course, what we say today applies only to those causes where the offense occurred prior to the effective date of Sec. 12.46, *supra,* June 7, 1979, for that statute has overruled the "successful v. unsuccessful" rule of law we hereinafter discuss. For those "third offenders" who commit a felony offense after June 7, 1979, the State is now free to use a prior conviction for "third offender" purposes, regardless of whether the prior conviction was previously used successfully or unsuccessfully against a defendant. Cf. *Ex parte Alegria,* supra; *Ex parte Montgomery,* supra.

The "successful v. unsuccessful" theory has long been a part of our law. *Sigler v. State,* 143 Tex.Cr.R. 220, 157 S.W.2d 903 (1942), appears to be the first case to discuss this theory. There, the defendant, charged as an habitual criminal, was tried and acquitted of committing the offense of burglary. The State subsequently re-indicted him for the primary offense of felony theft and alleged the same two prior felony convictions it had alleged when the primary offense was burglary. He was convicted of the theft offense but his punishment was assessed at only ten years' imprisonment; the jury ignoring the enhancement of punishment allegations. Subsequently, he was again charged with another offense of felony theft, with the State again alleging the same two prior convictions it had previously alleged. Thereafter, a jury found him guilty and also found the two prior convictions true and his punishment was assessed at life imprisonment. This Court on appeal held that the "unsuccessful" use of the same prior convictions in the ten year cause did not preclude the State from again using the same prior convictions in the life sentence cause. This Court pretermitted a discussion of what effect a "successful" use of the same prior convictions would have had. Of course, that question has now been answered that such would not be permissible.

*Ex parte Montgomery,* supra. Cf. Sec. 12.-46, *supra.*

In *Gooden* No. 1,[3] the defendant was charged with committing the offense of burglary with two prior felony convictions alleged for enhancement of punishment purposes. Convicted, his punishment was assessed at life imprisonment. See Art. 63, supra. This Court found "fundamental error" in the case, when it was determined that the indictment only charged burglary with intent to commit theft, but the charge authorized a conviction for burglary with intent to commit any felony. We ordered the conviction reversed. In *Gooden* No. 2, an unrelated cause, but the same defendant, the defendant was also charged with burglary of a habitation, with two prior felony convictions alleged for enhancement of punishment purposes. After being convicted, his punishment was assessed at life imprisonment. See Art. 63, supra. Finding the charge fundamentally defective, this Court ordered the conviction reversed. By way of dictum, it was pointed out that the prior convictions in both *Gooden* No. 1 and *Gooden* No. 2 were the same. Without expressly stating the fact, Judge Christian, in writing for the Court, intimated that if *Gooden* No. 1 had been affirmed, then the "successful" use of the prior convictions in that cause would have caused reversal in *Gooden* No. 2; thus, there would have been two, not one, reasons to have reversed *Gooden* No. 2.

Unfortunately, in *Johnson* No. 2, supra, Judge Morrison, who wrote for the Court, in attempting to apply the "successful v. unsuccessful" theory to the facts of that case, did not closely scrutinize what Judge Christian said in *Gooden* No. 2, and read into *Gooden* No. 2's holding language not necessary to the disposition of *Johnson* No. 2.

Thus, there is some loose language in the Court's opinion because His Honor embellished upon what Judge Christian had only

---

**3.** We have characterized *Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940), and *Gooden v. State,* 140 Tex.Cr.R. 351, 145 S.W.2d 179 (1940), due to their location in the Reporter, as *Gooden* No. 1 and *Gooden* No. 2, respectively.

intimated in *Gooden* No. 2. Judge Morrison wrote for the Court: *"Gooden v. State,* 140 Tex.Cr.R. 351, 145 S.W.2d 179, was reversed, because the prior convictions alleged therein had been employed to enhance the punishment in *Gooden v. State,* 140 Tex. Cr.R. 347, 145 S.W.2d 177." As noted, that is not why *Gooden* No. 2 was reversed, and that is not its holding. It was reversed because of a fundamentally defective jury charge and all other statements in the opinion are mere gratuitous remarks of Judge Christian when he wrote the opinion for the Court.

As we shall see, Judge Morrison, in rejecting *Johnson* No. 2's contention on appeal, that two of three prior convictions alleged in the indictment had already been used by the State for the purpose of enhancing the punishment in another case and, therefore, might not again be used in the case at hand, reached the right result but inadvertently misinterpreted *Gooden* No. 2's holding. However, as we shall see, he, like Judge Christian, was also charitable with the English language.

In *Johnson* No. 2, the facts showed that the indictment charged the defendant with the primary offense of burglary, with two prior convictions alleged for enhancement of punishment purposes. Convicted, his punishment was assessed at life imprisonment. On appeal, the defendant was successful, see 155 Tex.Cr.R. 325, 235 S.W.2d 180 (1950), as this Court held that the evidence was insufficient to corroborate the testimony of an accomplice witness. After the cause was reversed, the defendant, Johnson, was indicted for another burglary offense, with the same two prior convictions that were alleged in *Johnson* No. 1 again alleged in *Johnson* No. 2. Again convicted, his punishment was again assessed at life imprisonment. He again appealed, claiming that the State was foreclosed from again using the same two prior felony convictions, as it had previously used the same two prior convictions in *Johnson* No. 1. The *Court held,* in ruling that the State had not "successfully" used the same two prior convictions:

In the instant case, the State had not successfully used the prior convictions at the time of the trial on the instant indictment, because this Court had, prior to such time, reversed the previous habitual criminal conviction; and the original indictment remained pending on the docket of the trial court. Such a situation did not constitute a successful use of the prior convictions so as to prevent their being used in the instant case.

It follows, therefore, that *should the original habitual criminal case against this accused, which we reversed in 1950, ever be tried again and the punishment be enhanced by the use of these same prior convictions, we would, in line with the Gooden case, reverse the same.*

Having reached such conclusion, we overrule appellant's contention in this respect. (Emphasis added.)

■ Although it is true that "it was never intended that prior offenses could thus be made to do double duty; that is, that prior convictions could be used to enhance the punishment in any given case more than once," *Gooden v. State,* 140 Tex.Cr.R. 351, 145 S.W.2d 179 (1940), this does not mean that if used unsuccessfully by the State, the prior convictions may not again be used. *Shivers v. State,* 574 S.W.2d 147 (Tex.Cr.App.1978). Cf. *Carvajal v. State,* supra.

To the extent that *Johnson* No. 2, 158 Tex.Cr.R. 154, 253 S.W.2d 1006 (1953), is in conflict with this holding, it is overruled.

■ By the opinion in appellant's former cause, 391 S.W.2d 58 (Tex.Cr.App.1965), it is easily seen that the State was unsuccessful in the use of the underscored numbered prior conviction to enhance appellant's punishment to that of third offender status, pursuant to then Art. 63, P.C., and have his punishment imposed at life imprisonment. This was "trial error," see *Porier v. State,* 591 S.W.2d 482 (Tex.Cr.App.1980); thus, the State was not precluded in this cause from subsequently *once again* using the same prior felony conviction.

Recently, in *Girnus v. State*, 595 S.W.2d 118 (Tex.Cr.App.1980), this Court, without stating that it was opting for the "successful v. unsuccessful" theory, by rejecting the applicability of *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we reached the same end result. There, the cause was appealed to this Court and, though we did not find reversible error, this Court found that the State had failed to prove "succession" of the prior convictions alleged for enhancement of punishment purposes, pursuant to Art. 63, supra. We then remanded the cause for a new punishment hearing. On remand, the State succeeded in proving its case properly. In the second appeal, appellant contended that *Burks*, supra, and *Greene*, supra, precluded the State from enhancing his punishment to life imprisonment, arguing all the while "the no second bite at the apple" theory. Rejecting this argument, and merely citing *Porier*, supra, we held that it was not improper for the trial court to have allowed and permitted the State, at the new punishment hearing, to again attempt to prove the prior convictions for the purpose of enhancement of punishment.

For the reasons stated, we overrule appellant's contention that the State was foreclosed, by this Court's action in his previous appellate cause, from using the same prior conviction for "third offender" purposes. The "successful v. unsuccessful" rule of law, not "the State gets only one bite at the apple" theory, applies to this cause. Cf. *Bullard v. Estelle*, 502 F.Supp. 887 (N.D. Tex.1980).

We note that Judge Higginbotham, in his very thorough analysis of the issue in *Bullard, Id.*, has disapproved of our holdings in *Porier v. State*, supra, and *Girnus v. State*, supra, holding that *Burks v. U. S.*, supra, and *Greene v. Massey*, supra, preclude a retrial under V.A.T.C. Penal Code, Sec. 12.-42(d), once it has been determined on appeal that the State failed to prove at the original hearing on punishment that the offense constituting the second prior conviction occurred after the first prior conviction be-

came final, i. e., that if the evidence at a prior trial is insufficient to prove the defendant had been previously convicted of two felony offenses, one occurring after conviction for the other, then the State is forbidden a "second bite at the apple." *Bullard v. Estelle*, supra.

■ As to appellant's contention on appeal that his conviction in cause number 75,895, is void for failure of appellant to have counsel in said cause, we observe that both the judgment and sentence reflect that appellant appeared "in person and by counsel." Further, appellant did not make the same objection at trial he makes in his appeal. Lastly, appellant's testimony that he was not represented by an attorney, standing alone, is insufficient to disprove the recitations in the judgment. See *Glover v. State*, 566 S.W.2d 636, 638 (Tex.Cr.App. 1978); *White v. State*, 517 S.W.2d 543, 550 (Tex.Cr.App.1975); *Mitchell v. State*, 494 S.W.2d 865 (Tex.Cr.App.1973); *Mendoza v. State*, 552 S.W.2d 444, 449 (Tex.Cr.App. 1977). His contention is therefore overruled.

We have reviewed all of appellant's pro se grounds of error, as well as the grounds of error he attempts to raise in a post-conviction writ of habeas corpus, and find them to be without merit. Appellant's attention is, however, directed to Art. 11.07, V.A.C. C.P.

Finding no reversible error, the judgment is affirmed.

DALLY, J., concurs.

CLINTON, J., concurs in result only.

ROBERTS, J., dissents.